IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOTIVATION INNOVATIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 08-334 SLR |
| | ) |
| DSW, INC., | ) |
| VALUE CITY DEPARTMENT STORES, LLC, | ) |
| BED, BATH & BEYOND, INC. and | ) |
| HALLMARK CARDS, INC., | ) |
| | ) |
| Defendants. | ) |

**STIPULATION AND ORDER**

WHEREAS plaintiff has filed this action against, *inter alia*, defendant Hallmark Cards, Inc.; and

WHEREAS defendant Hallmark Cards, Inc. has represented to plaintiff that the Hallmark entity most closely affiliated with the "Hallmark Gold Crown program" identified in plaintiff's complaint is Hallmark Marketing Corporation; and

WHEREAS the parties have agreed that the most efficient method of resolving this issue is to amend the complaint; and

WHEREAS each of the defendants has requested an extension of time until July 31, 2008 to respond to the operative complaint, and the plaintiff has agreed to those requests;

IT IS HEREBY STIPULATED AND AGREED, by and between counsel and subject to the approval of the Court, that:

(1) Plaintiff may file a "First Amended Complaint" in the form attached hereto;

(2) Hallmark Marketing Corporation, DSW, Inc., Value City Department Stores, LLC, and Bed, Bath & Beyond, Inc. consider this First Amended Complaint to have been served and agree that service is accepted;

(3) This stipulation is without prejudice to plaintiff to add Hallmark Cards, Inc. as a defendant at some future time should plaintiff decide that Hallmark Cards, Inc. is a proper defendant; and

(4) The time for all defendants to answer, move or otherwise respond to the First Amended Complaint is extended to and including July 31, 2008.

Dated: June 25, 2008

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kpascale@ycst.com
*Attorneys for Plaintiff*
*Motivation Innovations LLC*

MORRIS JAMES LLP

*/s/ Richard K. Herrmann*

Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
Amy Arnott Quinlan (I.D. #3021)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com
aquinlan@morrisjames.com
*Attorneys for Defendant Hallmark Cards, Inc.*
*and for Hallmark Marketing Corporation*

RICHARDS, LAYTON & FINGER

*/s/ Steven J. Fineman*

Robert W. Whetzel (#2288)
Steven J. Fineman (#4025)
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0391
Telephone: (302) 651-7700
whetzel@rlf.com
fineman@rlf.com
*Attorneys for Defendant*
*Bed, Bath & Beyond, Inc.*

WOOD, HERRON & EVANS LLP

*/s/ P. Andrew Blatt*

P. Andrew Blatt
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202-2917
Telephone: (513) 241-2324
dblatt@whepatent.com
*Attorneys for Defendants DSW, Inc. and*
*Value City Department Stores LLC*

SO ORDERED this _____ day of _____, 2008

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on June 25, 2008, I caused true and correct copies of the foregoing document to be served upon the following counsel in the manner indicated:

### *By Hand Delivery and E-Mail*

Richard K. Herrmann
Mary B. Matterer
Amy Arnott Quinlan
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
Telephone: (302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com
aquinlan@morrisjames.com
*Attorneys for Defendant Hallmark Cards, Inc. and for Hallmark Marketing Corporation*

Robert W. Whetzel
Steven J. Fineman
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0391
Telephone: (302) 651-7700
whetzel@rlf.com
fineman@rlf.com
*Attorneys for Defendant Bed, Bath & Beyond, Inc.*

### *By E-Mail*

Bart A. Starr
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
bstarr@shb.com
*Attorneys for Defendant Hallmark Cards, Inc. and for Hallmark Marketing Corporation*

Charles P. Kennedy
LERNER, DAVID, LITTENBERG, KRUMHOLZ & MENTLIK LLP
600 South Avenue West
Westfield, NJ 07090
Telephone: (908) 654-5000
ckennedy@ldlkm.com
*Attorneys for Defendant Bed, Bath & Beyond, Inc.*

Theodore R. Remaklus
P. Andrew Blatt
WOOD, HERRON & EVANS
2700 Carew Tower
Cincinnati, OH 45202
Telephone: (513) 241-2324
tremaklus@whepatent.com
dblatt@whepatent.com
*Attorneys for Defendants DSW, Inc. and Value City Department Stores LLC*

                  YOUNG CONAWAY STARGATT & TAYLOR LLP

                  */s/ Karen L. Pascale*

                  Karen L. Pascale (#2903) [kpascale@ycst.com]
                  The Brandywine Building
                  1000 West Street, 17th Floor
                  Wilmington, Delaware 19801
                  (302) 571-6600
                  *Attorneys for Plaintiff,*
                  *Motivation Innovations LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MOTIVATION INNOVATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-334-SLR |
| | ) | |
| DSW, INC., VALUE CITY DEPARTMENT STORES, LLC, BED, BATH & BEYOND, INC., and HALLMARK MARKETING CORPORATION, | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Motivation Innovations, LLC, complains of defendants, DSW, Inc. ("DSW"), Value City Department Stores, LLC ("Value City"), Bed, Bath & Beyond, Inc. ("BB&B") and Hallmark Marketing Corporation ("Hallmark") as follows:

**NATURE OF LAWSUIT**

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

**PARTIES**

2. Plaintiff is a Delaware corporation with a principal place of business at 54 Hazard Avenue, Suite 302, Enfield, CT 06082.

3. Plaintiff owns all right, title and interest in and has standing to sue for infringement of United States Patent No. 5,612,527 ("the '527 Patent"), entitled "Discount Offer Redemption System and Method" (attached as Exhibit A).

4. Defendant DSW is an Ohio corporation with a principal place of business at 4150 East Fifth Avenue, Columbus, Ohio. DSW has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products and services accused of infringement into this judicial district.

5. On information and belief, defendant Value City is a limited liability corporation organized under the laws of the state of Ohio with a principal place of business at 3241 Westerville Rd., Columbus, Ohio. Value City has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products and services accused of infringement into this judicial district.

6. Defendant BB&B is a New York corporation with a principal place of business at 650 Liberty Avenue, Union, New Jersey. BB&B has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products and services accused of infringement into this judicial district.

7. Defendant Hallmark is a privately held corporation with a principal place of business at 2501 McGee Trafficway, Kansas City, Missouri. Hallmark has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products and services accused of infringement into this judicial district.

8. This Court has personal jurisdiction over the Defendants by virtue of each of the Defendants' acts of patent infringement which have been committed in this judicial district, and by virtue of the Defendants' transaction of business in Delaware.

9. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

10. Plaintiff has given notice of the '527 patent to the public, including each of the defendants, through compliance with the marking provisions of 35 U.S.C. § 287.

### DSW's ACTS OF PATENT INFRINGEMENT

11. DSW has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the Reward Your Style® program. DSW has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging their infringement.

12. DSW's infringement has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

13. DSW's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of DSW's products and services that fall within the scope of the '527 Patent.

### VALUE CITY's ACTS OF PATENT INFRINGEMENT

14. Value City has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the V Plus program. Value City has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging their infringement.

15. Value City's infringement has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

16. Value City's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of Value City's products and services that fall within the scope of the '527 Patent.

### BB&B's ACTS OF PATENT INFRINGEMENT

17. BB&B has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of its home delivered coupon program. BB&B has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging their infringement.

18. BB&B's infringement has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

19. BB&B's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of BB&B's products and services that fall within the scope of the '527 Patent.

### HALLMARK's ACTS OF PATENT INFRINGEMENT

20. Hallmark has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the Hallmark Gold Crown program. Hallmark has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging their infringement.

21.     Hallmark's infringement has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

22.     Hallmark's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of Hallmark's products and services that fall within the scope of the '527 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, asks this Court to enter judgment against each defendant and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.      An award of damages adequate to compensate Plaintiff for the infringement that has occurred, together with prejudgment interest from the date infringement of the Plaintiff Patents began;

B.      An award to Plaintiff of all remedies available under 35 U.S.C. § 284;

C.      An award to Plaintiff of all remedies available under 35 U.S.C. § 285;

D.      A permanent injunction prohibiting further infringement, inducement and contributory infringement of the Plaintiff Patents; and,

E.      Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

June 25, 2008

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*
_____
Karen L. Pascale (No. 2903) *[kpascale@ycst.com]*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Gregory P. Casimer
David J. Sheikh
Sally J. Wiggins
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

*Attorneys for Motivation Innovations, LLC*