IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOTIVATION INNOVATIONS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>DSW, INC., VALUE CITY DEPARTMENT STORES, LLC, BED BATH & BEYOND INC., and HALLMARK MARKETING CORPORATION,<br><br>        Defendants. | C.A. No. 08-334-SLR<br><br>**JURY TRIAL DEMANDED** |

## BED BATH & BEYOND INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant, Bed Bath & Beyond Inc. ("BB&B"), through its counsel, hereby responds to the First Amended Complaint filed by plaintiff Motivation Innovations, LLC ("Motivation") as follows:

### FACTUAL ALLEGATIONS

1. BB&B admits that this is a patent infringement action and that this Court has jurisdiction under 28 U.S.C. §1338(a), but denies the remaining allegations of paragraph 1.

2. BB&B is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the First Amended Complaint, and therefore denies them.

3. BB&B admits that Exhibit A is a copy of United States Patent No. 5,612,527 ("the '527 Patent"), but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 of the First Amended Complaint, and therefore denies them.

4. BB&B is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the First Amended Complaint, and therefore denies them.

5. BB&B is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the First Amended Complaint, and therefore denies them.

6. BB&B notes that its corporate name is Bed Bath & Beyond Inc., without commas, admits that it is a New York corporation with a principal place of business at 650 Liberty Avenue, Union, New Jersey, but denies the remaining allegations contained in paragraph 6 of the First Amended Complaint.

7. BB&B is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the First Amended Complaint, and therefore denies them.

8. BB&B admits that this Court has personal jurisdiction over BB&B, but denies the remaining allegations of paragraph 8 of the First Amended Complaint.

9. BB&B admits the allegations of paragraph 9 of the First Amended Complaint.

10. BB&B is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the First Amended Complaint, and therefore denies them.

11. BB&B is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the First Amended Complaint, and therefore denies them.

12. BB&B is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the First Amended Complaint, and therefore denies them.

13. BB&B is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the First Amended Complaint, and therefore denies them.

14. BB&B is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the First Amended Complaint, and therefore denies them.

15. BB&B is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the First Amended Complaint, and therefore denies them.

16. BB&B is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the First Amended Complaint, and therefore denies them.

17. BB&B denies the allegations of paragraph 17.

18. BB&B denies the allegations of paragraph 18.

19. BB&B denies the allegations of paragraph 19.

20. BB&B is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the First Amended Complaint, and therefore denies them.

RLF1-3307985-1

21.     BB&B is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the First Amended Complaint, and therefore denies them.

22.     BB&B is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the First Amended Complaint, and therefore denies them.

## DEFENSES

### First Affirmative Defense

23.     The First Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

24.     BB&B has not directly infringed any claim of the '527 Patent.

25.     BB&B has not contributed to infringement of any claim of the '527 Patent.

26.     BB&B has not induced infringement of any claim of the '527 Patent.

### Third Affirmative Defense

27.     The '527 Patent is invalid for failure to meet one or more provisions of the Patent Laws of the United States, 35 U.S.C. §§1, *et seq.*, including without limitation, 35 U.S.C. §§102, 103, and/or 112.

### Fourth Affirmative Defense

28.     Plaintiff's claim for alleged infringement of the '527 Patent is barred by the doctrines of equitable estoppel and/or laches.

## COUNTERCLAIMS

BB&B, as counterclaim plaintiff, asserts the following counterclaims against Motivation.

### Parties

29. Counterclaim-plaintiff BB&B is a New York corporation with a place of business at 650 Liberty Avenue, Union, New Jersey.

30. According to plaintiff's First Amended Complaint, counterclaim-defendant Motivation is a Delaware corporation with a principal place of business at 54 Hazard Avenue, Suite 302, Enfield, Connecticut 06082.

### Jurisdiction And Venue

31. This Court had jurisdiction over BB&B's federal patent counterclaims under 28 U.S.C. §§1331 and 1338 and the Declaratory Judgment Act, 28 U.S.C. §2201.

32. This Court has jurisdiction over the counterclaim because the counterclaim-defendant Motivation has submitted to the jurisdiction of this Court by bringing the instant action.

### Declaratory Judgment Of Invalidity

33. BB&B incorporates and realleges the allegations of paragraphs 29-32 of its counterclaims as if set forth fully herein.

34. This is a counterclaim pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 – 2202.

35. There is an actual justiciable controversy between the parties concerning the validity and enforceability of the '527 Patent which arises out of the Patent Act, 35 U.S.C. §1 *et seq.*

36. The '527 Patent is invalid for failure to meet one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§102, 103 and/or 112.

37. BB&B is entitled to a declaration and order that the claims of the '527 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, BB&B demands judgment against Motivation as follows:

A. Dismissal of the First Amended Complaint with prejudice;

B. A declaration that the '527 Patent is invalid, void, and unenforceable;

C. A declaration that BB&B has not infringed the '527 Patent;

D. A declaration that the present case is exceptional under 35 U.S.C. §285, and an award to BB&B of its reasonable attorneys' fees and costs;

E. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

BB&B hereby demands a trial by jury on all issues raised in the First Amended Complaint and Counterclaims.

Of Counsel:

Charles P. Kennedy
Bruce H. Sales
Orville R. Cockings
Lerner, David, Littenberg, Krumholz & Mentlik, LLP
600 South Avenue West
Westfield, NJ 07090
(908) 654-5000

/s/
Robert W. Whetzel (#7634)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
Attorneys for Defendant Bed Bath & Beyond Inc.

Dated: July 31, 2008

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Karen L. Pascale, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801

Jeffrey B. Bove, Esquire
Connolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19801

Richard K. Herrmann, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306

I hereby certify that on July 31, 2008, I have sent by Electronic Mail, the foregoing document to the following non-registered participants:

Theodore R. Remaklus, Esquire
P. Andrew Blatt, Esquire
Wood, Herron & Evans
2700 Carew Tower
Cincinnati, OH 45202

Gregory P. Casimer, Esquire
David J. Sheikh, Esquire
Sally J. Wiggins, Esquire
Niro, Scavone, Haller & Niro
181 West Madison Street
Suite 4600
Chicago, IL 60602

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
fineman@rlf.com