IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOTIVATION INNOVATIONS, L.L.C., § § Plaintiff, § § v. § § DSW, INC.; VALUE CITY DEPARTMENT STORES, L.L.C.; BED, BATH & BEYOND, INC.; AND HALLMARK MARKETING CORPORATION, § § § § § § § § Defendants. § | Civil Action No. 08-334-SLR **JURY TRIAL DEMANDED** |

**ANSWER AND COUNTERCLAIMS OF DEFENDANT
HALLMARK MARKETING CORPORATION**

For its answer to the numbered allegations in the First Amended Complaint for Patent Infringement of plaintiff Motivation Innovations, L.L.C., defendant Hallmark Marketing Corporation ("Hallmark") pleads as follows. All allegations not expressly admitted are denied. Any allegations that may be implied by or inferred from the Headings of Motivation Innovation's complaint are denied. Hallmark responds only for itself and not for DSW, Inc.; Value City Department Stores, L.L.C.; or Bed, Bath & Beyond, Inc.

**NATURE OF THE LAWSUIT**

1. Hallmark admits that this court has jurisdiction for meritorious causes of action arising under Tile 35 of the United States Code pursuant to 28 U.S.C. § 1338(a). Hallmark denies that this lawsuit is a meritorious cause of action.

## PARTIES

2. Hallmark is without sufficient information to admit or deny the allegations in paragraph 2 and therefore denies the same.

3. Hallmark admits that a copy of U.S. Patent No. 5,612,527 ("the '527 Patent") was attached as Exhibit A and is entitled "Discount Offer Redemption System and Method." Hallmark is without sufficient information to admit or deny the remaining allegations in paragraph 3 and therefore denies the same.

4. Hallmark is without sufficient information to admit or deny the allegations in paragraph 4 and therefore denies the same.

5. Hallmark is without sufficient information to admit or deny the allegations in paragraph 5 and therefore denies the same.

6. Hallmark is without sufficient information to admit or deny the allegations in paragraph 6 and therefore denies the same.

7. Hallmark admits that it is a privately held corporation with a principal place of business at 2501 McGee Trafficway, Kansas City, Missouri. Hallmark admits that it conducts lawful business in this judicial district, including selling lawful products and services. Hallmark denies the remaining allegations of paragraph 7.

8. Hallmark admits that this Court has personal jurisdiction over it with respect to this matter. Hallmark denies all other allegations in paragraph 8.

9. Hallmark admits that venue in this judicial district is proper with respect to this matter. Hallmark denies all other allegations in paragraph 9.

10. Hallmark is without sufficient information to admit or deny the allegations in paragraph 10 and therefore denies the same.

## DSW'S ACTS OF PATENT INFRINGEMENT

11. Hallmark is without sufficient information to admit or deny the allegations in paragraph 11 and therefore denies the same.

12. Hallmark is without sufficient information to admit or deny the allegations in paragraph 12 and therefore denies the same.

13. Hallmark is without sufficient information to admit or deny the allegations in paragraph 13 and therefore denies the same.

## VALUE CITY'S ACTS OF PATENT INFRINGEMENT

14. Hallmark is without sufficient information to admit or deny the allegations in paragraph 14 and therefore denies the same.

15. Hallmark is without sufficient information to admit or deny the allegations in paragraph 15 and therefore denies the same.

16. Hallmark is without sufficient information to admit or deny the allegations in paragraph 16 and therefore denies the same.

## BB & B'S ACTS OF PATENT INFRINGEMENT

17. Hallmark is without sufficient information to admit or deny the allegations in paragraph 17 and therefore denies the same.

18. Hallmark is without sufficient information to admit or deny the allegations in paragraph 18 and therefore denies the same.

19. Hallmark is without sufficient information to admit or deny the allegations in paragraph 19 and therefore denies the same.

**HALLMARK'S ACTS OF PATENT INFRINGEMENT**

20. Hallmark denies the allegations in the first sentence. With respect to the second sentence, Hallmark makes no response at this time, without prejudice, in view of Hallmark's corresponding Motion for Partial Dismissal. To the extent an additional response is required, the allegations are denied.

21. Denied.

22. Denied.

**PRAYER FOR RELIEF**

Hallmark denies that Motivation Innovations is entitled to any relief.

**AFFIRMATIVE DEFENSES**

1. Hallmark does not infringe and has not infringed, either literally or under the doctrine of equivalents, directly or indirectly, any valid and/or enforceable claim of the '527 Patent.

2. On information and belief, the claims of the '527 Patent are invalid for failure to comply with one or more requirements of patentability under 35 U.S.C. § 101 *et seq*. including without limitation the requirements in §§ 101, 102, 103 and/or 112.

Hallmark reserves the right to assert additional affirmative defenses as they become known through further investigation and discovery.

## COUNTERCLAIMS

Hallmark Marketing Corporation hereby alleges the following counterclaims against Motivation Innovation L.L.C. Hallmark reserves the right to assert additional counterclaims as they become known through further investigation and discovery.

1. Hallmark is a Delaware corporation with its principal place of business in Kansas City, Missouri.

2. On information and belief, Motivation Innovations is a Delaware corporation with its principal place of business in Enfield, Connecticut.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these counterclaims pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. § 1338.

4. This Court has personal jurisdiction over Motivation Innovations because Motivation Innovations submitted itself to the jurisdiction of the Court by filing the related complaint.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## COUNT I – DECLARATION OF NONINFRINGEMENT

6. Hallmark incorporates the allegations in paragraphs 1 through 5 of the counterclaims in their entirety.

7. Hallmark has not and is not infringing, either literally or under the doctrine of equivalents, directly or indirectly, any valid and/or enforceable claim of U.S. Patent No. 5,612,527 ("the '527 Patent").

8. Unless Motivation Innovations is enjoined, it will continue to assert that Hallmark is infringing valid and enforceable claims of the '527 Patent and will continue to interfere with Hallmark's business.

9. Hallmark is entitled to a declaratory judgment that it has not and is not infringing any claim of the '527 Patent.

## COUNT II – DECLARATION OF INVALIDITY

10. Hallmark incorporates the allegations in paragraphs 1 through 9 of the counterclaims in their entirety.

11. On information and belief, the claims of the '527 Patent are invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

12. Unless Motivation Innovations is enjoined, it will continue to assert that Hallmark is infringing valid and enforceable claims of the '527 Patent and will continue to interfere with Hallmark's business.

13. Hallmark is entitled to a declaratory judgment that the claims of the '527 Patent are invalid.

## DEMAND FOR A JURY TRIAL

14. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Hallmark demands a jury trial on all issues triable to a jury.

## PRAYER FOR RELIEF

Wherefore, Hallmark respectfully prays for judgment:

A. Declaring that Hallmark has not infringed, directly or indirectly, any claim of the '527 Patent;

  B. Declaring that the claims of the '527 Patent are invalid;

  C. Declaring that this case is "exceptional" under 35 U.S.C. § 285;

  D. Awarding to Hallmark costs and attorneys' fees; and

  E. Awarding to Hallmark such other and further relief as the Court deems just and proper.

Date:  July 31, 2008           */s/ Richard K. Herrmann*
                   Richard K. Herrmann (I.D. #405)
                   Mary B. Matterer (I.D. #2696)
                   Amy Arnott Quinlan (I.D. #3021)
                   MORRIS JAMES LLP
                   500 Delaware Avenue, Suite 1500
                   Wilmington, Delaware 19801-1494
                   Telephone: (302) 888-6800
                   E-mail: rherrmann@morrisjames.com

                   Of Counsel:

                   Bart A. Starr  (admitted *pro hac vice*)
                   Eric A. Buresh  (admitted *pro hac vice*)
                   Jonathan N. Zerger (admitted *pro hac vice*)
                   SHOOK, HARDY & BACON L.L.P.
                   2555 Grand Boulevard
                   Kansas City, Missouri 64108
                   Telephone: (816) 474-6500
                   E-mail: bstarr@shb.com
                   E-mail: eburesh@shb.com
                   E-mail: jzerger@shb.com

                   *Attorneys for Defendant*
                   *Hallmark Marketing Corporation*