# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MOTIVATION INNOVATIONS, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 08-334-SLR |
| | § | |
| DSW, INC.; VALUE CITY DEPARTMENT | § | **JURY TRIAL DEMANDED** |
| STORES, L.L.C.; BED, BATH & BEYOND, | § | |
| INC.; AND HALLMARK MARKETING | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## HALLMARK MARKETING CORPORATION'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Richard K. Herrmann (I.D. #405)
Mary B. Matterer      (I.D. #2696)
Amy Arnott Quinlan  (I.D. #3021)
MORRIS JAMES L.L.P.
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
Telephone: (302) 888-6800
E-mail: rherrmann@morrisjames.com

Of Counsel:

Bart A. Starr          (admitted *pro hac vice*)
Eric A. Buresh        (admitted *pro hac vice*)
Jonathan N. Zerger (admitted *pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: (816) 474-6500
E-mail: bstarr@shb.com
E-mail: eburesh@shb.com
E-mail: jzerger@shb.com

Date:  July 31, 2008

*Attorneys for Defendant*
*Hallmark Marketing Corporation*

# **TABLE OF CONTENTS**

I.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS................. 1

II.   SUMMARY OF ARGUMENTS ..................................................................... 1

III.  STATEMENT OF FACTS ......................................................................... 2

IV.   ARGUMENTS ....................................................................................... 3

      A.    Standard For A Motion To Dismiss Under Rule 12(b)(6) Of The Federal Rules of Civil Procedure ................................................................. 3

      B.    Plaintiff Failed To State A Claim For Induced Infringement ................................. 3

      C.    Plaintiff Failed To State A Claim For Contributory Infringement ........................ 5

V.    CONCLUSION ..................................................................................... 6

# TABLE OF AUTHORITIES

**Statutes**

35 U.S.C. § 271 ………………………………………………………………………..5

35 U.S.C. § 287 ………………………………………………………………………..2

**Federal Rules of Civil Procedure**

Rule 8(a) ………………………………………………………………………1, 2, 3, 5, 6

Rule 12(b)(6) ……………………………………………………………………...3, 4

**Cases**

*Bell Atl. Corp. v. Twombly*
127 S.Ct. 1955 (2007)…………………………………………………………………..3, 6

*Catapano v. Wyeth Ayerst Pharms. Inc.*
88 F. Supp. 2d 27 (E.D.N.Y. 2000) ……………………………………………………..4

*Coolsavings.com v. Catalina Mktg. Corp.*
1999 U.S. Dist. LEXIS 7891 (N.D. Ill. 1999) ……………………………………………4

*DSU Med. Corp. v. JMS Corp.*
471 F.3d 1293 (Fed. Cir. 2006) ………………………………………………………...3, 5

*Performance Aftermarket Parts Group, Ltd. v. TI Group Auto.*
2007 U.S. Dist. LEXIS 70974 (S.D. Tex. 2007) …………………………………………5

*Phillips v. County of Allegheny*
515 F.3d 224 (3d. Cir. 2008) …………………………………………………………...3, 5, 6

*Ristvedt-Johnson, Inc. v. Nelson Peltz*
1991 U.S. Dist LEXIS 17233 (N.D. Ill. 1991) …………………………………………4

*Shearing v. Optical Radiation Corp.*
1994 U.S. Dist. LEXIS 18973 (D. Nev. 1994) …………………………………………5

Defendant Hallmark Marketing Corporation ("Hallmark") offers the following arguments and authorities in support of its Motion for Partial Dismissal of Plaintiff's First Amended Complaint. Specifically, Hallmark requests dismissal of Plaintiff's allegations of inducement to infringe and contributory infringement because Plaintiff fails to state a claim upon which relief can be granted.

## I.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff sued Hallmark Cards, Inc. for patent infringement on June 4, 2008. D.I. 1. Because Plaintiff sued the wrong corporate entity, the parties filed a joint stipulation to amend the complaint and extend the deadline to answer or otherwise plead until July 31, 2008. D.I. 10. After the Court granted the joint stipulation, D.I. 10A, Plaintiff filed its First Amended Complaint for Patent Infringement ("First Amended Complaint") and named Hallmark Marketing Corporation as a defendant, D.I. 11. In Plaintiff's First Amended Complaint, Plaintiff alleges direct infringement, inducement to infringe, and contributory infringement of U.S. Patent No. 5,612,527 ("the '527 Patent" or "the Patent"). *Id.*

## II.    SUMMARY OF ARGUMENTS

The first issue before the Court is:

> Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to plead factual allegations supporting its right to relief. Does Plaintiff's First Amended Complaint, which baldly asserts inducement to infringe without supporting facts, satisfy Rule 8(a)?

No, Plaintiff's bald assertions against Hallmark of inducement to infringe fail to satisfy Rule 8(a). Specifically, a claim for inducement to infringe requires the plaintiff to show that the defendant encouraged another's direct infringement with knowledge of the patent and specific intent to encourage infringement of the patent. Therefore, Rule 8(a) requires a plaintiff to plead factual allegations supporting the existence of the requisite scienter. Here Plaintiff failed to

plead any facts that show Hallmark's specific intent to induce infringement of Plaintiff's patent. Instead, Plaintiff merely recites the claim elements. Thus, the Court should dismiss this claim.

The second issue before the Court is:

> Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to plead factual allegations supporting its right to relief. Does Plaintiff's First Amended Complaint, which only mentions contributory infringement in the Prayer for Relief and is void of supporting facts, satisfy Rule 8(a)?

No, Plaintiff's sole mention of contributory infringement in the Prayer for Relief does not satisfy Rule 8(a). Specifically, contributory infringement requires the plaintiff to show that the defendant knowingly made or sold infringing nonstaple articles that contributed to another's direct infringement. Rule 8(a) requires a plaintiff to plead facts showing entitlement to relief. Here Plaintiff fails to plead any facts at all supporting a contributory infringement claim. Thus, the Court should dismiss this claim as well and strike any reference to contributory infringement from Plaintiff's Prayer for Relief.

## III.    STATEMENT OF FACTS

Plaintiff filed its First Amended Complaint on June 27, 2008. D.I. 11. After alleging ownership of the '527 Patent, Plaintiff alleges that Hallmark had constructive notice of the Patent through Plaintiff's compliance with the marking provisions of 35 U.S.C. § 287. *Id.* at ¶ 10. Plaintiff next engages in a formulaic recitation not of facts but of the elements of inducement to infringe. Specifically, Plaintiff conclusorily avers that "Hallmark has also knowingly and intentionally induced others to infringe . . . by willfully and intentionally aiding, abetting, assisting and encouraging their infringement." *Id.* at ¶ 20. Plaintiff concludes by asking the Court, in its Prayer for Relief, to enjoin "further infringement, inducement and contributory infringement . . . ." *Id.* at ¶ D.

## IV.    ARGUMENTS

### A.    Standard For A Motion To Dismiss Under Rule 12(b)(6) Of The Federal Rules Of Civil Procedure

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must dismiss a complaint if the plaintiff failed to satisfy its Rule 8(a) obligations. *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008). Rule 8(a) requires "more than labels and conclusions" and is not satisfied by "a formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007). Instead, Rule 8(a) requires a factual showing that the plaintiff is entitled to relief, and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Indeed, the Third Circuit has cautioned that "without some factual allegations in the complaint, a claimant cannot satisfy" Rule 8(a). *Phillips*, 515 F.3d at 233.

The purpose of Rule 8(a) and Rule 12(b)(6) is to expose inadequate factual allegations "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp.*, 127 S. Ct. at 1966. Therefore, courts should dismiss inadequate pleadings "before allowing a potentially massive factual controversy to proceed." *Id.* at 1967.

### B.    Plaintiff Failed To State A Claim For Inducement To Infringe

Plaintiff's claim for inducement to infringe fails because Plaintiff did not allege a single fact to raise speculation as to Hallmark's requisite intent let alone showing Plaintiff's right to relief. For an induced infringement claim to succeed, the plaintiff must show that the defendant specifically intended to encourage another's direct infringement of the patent. *DSU Med. Corp. v. JMS Corp.*, 471 F.3d 1293, 1304-06 (Fed. Cir. 2006). Simply intending to encourage certain acts is not enough – one must knowingly intend to encourage acts of direct infringement. *See id.* This is often referred to as the specific intent requirement. Pursuant to the specific intent

requirement, Rule 8(a) requires a plaintiff to plead some factual allegations that imply the existence of the requisite scienter. *Ristvedt-Johnson, Inc. v. Nelson Peltz*, No. 91 C 3273, 1991 U.S. Dist. LEXIS 17233, *9-13 (N.D. Ill. 1991) (dismissing plaintiff's induced infringement claim because plaintiff's allegations "do not suggest the requisite intent on the part of the defendants to induce [another] to infringe on [plaintiff's] patents").

For example, in *Coolsavings.com v. Catalina Marketing Corp.* the district court granted the defendant's motion to dismiss plaintiff's induced infringement claim because plaintiff failed to allege facts supporting the requisite specific intent. No. 98 C 6668, 1999 U.S. Dist. LEXIS 7891 (N.D. Ill. 1999). Specifically, the district court held that plaintiff's "bald assertions" of active inducement without supporting allegations of fact fails to satisfy the pleading requirements of the federal rules. *Id.* at *5-6. Thus, the district court dismissed the induced infringement claim pursuant to Rule 12(b)(6) because plaintiff failed to make "some factual allegations that impl[y] the existence of the requisite *scienter*." *Id.* at *6 (emphasis in original).

Here, Plaintiff's complaint baldly asserts that Hallmark "knowingly and intentionally induced others to infringe . . . by willfully and intentionally aiding, abetting, assisting and encouraging their infringement." D.I. 11 at ¶ 20. Importantly, Plaintiff's bare assertions of legal conclusions are void of factual allegations implying the existence of the requisite specific intent on the part of Hallmark. Indeed, Plaintiff failed to allege actual knowledge of the patent or any other facts that suggest Hallmark possessed specific intent to encourage another's infringement of Plaintiff's patent. *See Catapano v. Wyeth Ayerst Pharms., Inc.*, 88 F. Supp. 2d 27, 30 (E.D.N.Y. 2000) (dismissing plaintiff's induced infringement claim because even alleging actual knowledge of the patent is insufficient to allege specific intent). Because Plaintiff failed to include any allegations of facts against Hallmark implying the existence of the requisite scienter,

Plaintiff failed to state a claim for induced infringement. *See Shearing v. Optical Radiation Corp.*, 1994 U.S. Dist. LEXIS 18973 (D. Nev. 1994) (dismissing induced infringement claim because the complaint did not "afford a basis for believing that plaintiffs could prove scienter"). Therefore, the Court should dismiss Plaintiff's induced infringement claim.

### C.    Plaintiff Failed To State A Claim For Contributory Infringement

Plaintiff's claim for contributory infringement fails because Plaintiff did not allege any facts supporting this claim either. For a contributory infringement claim to succeed, the plaintiff must show that the defendant knowingly made or sold infringing nonstaple goods that contributed to another's direct infringement. *DSU Med. Corp.*, 471 F.3d at 1303. As would be expected, Rule 8(a) requires a plaintiff to plead some facts showing entitlement to relief on this claim. *See Phillips*, 515 F.3d at 233 (cautioning that "without some factual allegations in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests") (citations omitted).

For example, in *Performance Aftermarket Parts Group, Ltd. v. TI Group Automotive Systems, L.L.C.* the district court determined that contributory infringement was not a counterclaim in the lawsuit because the counter-plaintiff failed to allege any facts supporting the claim. No. H-05-4251, 2007 U.S. Dist. LEXIS 70974 (S.D. Tex. 2007). Specifically, the counter-plaintiff failed to mention "contributory infringement" in its counterclaim, but it did cite generally to 35 U.S.C. § 271, and it requested that the Court enter an injunction preventing counter-defendants from "inducing or contributing to the infringement" of counter-plaintiff's patents. *Id.* at *6. The court held that counter-plaintiff's reference to contributory infringement "is inadequate under [Rule 8(a)] . . . ." *Id.* at *8-9. Therefore, the district court ordered that contributory infringement "is not a counterclaim in this case." *Id.*

Here, Plaintiff did not mention contributory infringement in the body of the First Amended Complaint nor did Plaintiff plead factual allegations that would support a contributory infringement claim.   Despite these shortcomings, Plaintiff requests that the Court enjoin Hallmark from "further  . . . contributory infringement . . . ."  D.I. 11 at ¶ D.  Plaintiff's mention of contributory infringement in the Prayer for Relief without any factual allegations supporting this claim in the body of the Complaint entirely fails to give Hallmark proper notice and is inadequate under Rule 8(a).  *Bell Atl. Corp.*, 127 S. Ct. at 1967 n.3 ("Without some factual allegations in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests.").   Because Plaintiff did not allege facts supporting this claim, Plaintiff failed to state a claim for contributory infringement.  Indeed, Plaintiff cannot request relief for a claim it has not plead.  Therefore, the Court should dismiss Plaintiff's claim for contributory infringement and strike any reference to contributory infringement from Plaintiff's Prayer for Relief

## V.     CONCLUSION

The Third Circuit cautions that a claim will fail unless the plaintiff includes necessary factual allegations in the complaint.  *Phillips*, 515 F.3d at 233.  Plaintiff failed to allege any facts that support an inference of specific intent, which is a required element of induced infringement. Similarly, Plaintiff failed to allege any facts supporting contributory infringement and only mentions this cause of action in the Prayer for Relief.  Therefore, Plaintiff fails to satisfy Rule 8(a) with respect to both claims.  Accordingly, this Court should dismiss Plaintiff's induced infringement and contributory infringement claims before the parties and Court expend time and money litigating Plaintiff's deficient allegations.

Date:  July 31, 2008                                        /s/ Richard K. Herrmann
                                                    Richard K. Herrmann (I.D. #405)
                                                    Mary B. Matterer      (I.D. #2696)
                                                    Amy Arnott Quinlan   (I.D. #3021)
                                                    MORRIS JAMES LLP
                                                    500 Delaware Avenue, Suite 1500
                                                    Wilmington, Delaware 19801-1494
                                                    Telephone: (302) 888-6800
                                                    E-mail: rherrmann@morrisjames.com


                                                    Of Counsel:

                                                    Bart A. Starr          (admitted *pro hac vice*)
                                                    Eric A. Buresh         (admitted *pro hac vice*)
                                                    Jonathan N. Zerger (admitted *pro hac vice*)
                                                    SHOOK, HARDY & BACON L.L.P.
                                                    2555 Grand Boulevard
                                                    Kansas City, Missouri 64108
                                                    Telephone: (816) 474-6500
                                                    E-mail: bstarr@shb.com
                                                    E-mail: eburesh@shb.com
                                                    E-mail: jzerger@shb.com


                                                    *Attorneys for Defendant*
                                                    *Hallmark Marketing Corporation*

7