IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MOTIVATION INNOVATIONS, LLC, )
)
Plaintiff, )
)
v. )    C.A. No. 08-334-SLR
)
DSW, INC.,  VALUE CITY )
DEPARTMENT STORES, LLC, )
BED, BATH & BEYOND, INC., and )
HALLMARK MARKETING )
CORPORATION, )
)
Defendants. )

**PLAINTIFF'S COMBINED (1) OPPOSITION TO DEFENDANT HALLMARK'S
MOTION FOR PARTIAL DISMISSAL, AND (2) ALTERNATIVE MOTION FOR
LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Karen L. Pascale (#2903) [kpascale@ycst.com]
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone:  302-571-6600

Gregory P. Casimer
Sally J. Wiggins
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison St., Suite 4600
Chicago, Illinois 60602-4515
Telephone: (312) 236-0733

*Attorneys for Plaintiff, Motivation Innovations LLC*

August 18, 2008

## TABLE OF CONTENTS

I.   PLAINTIFF'S FIRST AMENDED COMPLAINT PROVIDES HALLMARK WITH
     NOTICE OF ITS INDUCEMENT CLAIM .......................................................................1

II.  ALTERNATIVELY, PLAINTIFF SEEKS LEAVE TO FILE THE ATTACHED
     SECOND AMENDED COMPLAINT.......................................................................4

## <u>TABLE OF AUTHORITIES</u>

### FEDERAL CASES

*Bell Atlantic Corp. v. Twombly,*
__ U.S. __, 127 S. Ct. 1955 (2007)..................................................................................1, 2, 3

*Catapano v. Wyeth Ayerst Pharmaceuticals,*
88 F. Supp. 2d 27 (E.D.N.Y. 2000) ...............................................................................3

*Coolsavings.com, Inc. v. Catalina Marketing Corp.,*
1999 U.S. Dist. LEXIS 7891 (N.D. Ill. May 14, 1999) ..................................................3

*DSU Med. Corp. v. JMS Corp.,*
471 F.3d 1293 (Fed. Cir. 2006) .....................................................................................3

*McZeal v. Sprint Nextel Corp.,*
501 F.3d 1354 (Fed. Cir. 2007)................................................................................1, 2, 3

*Ristvedt-Johnson, Inc. v. Peltz,*
1991 U.S. Dist. LEXIS 17233 (N.D. Ill. Nov. 18, 1991)................................................3

*Schwendimann v. Arkwright, Inc.,*
2008 U.S. Dist. LEXIS 56421 (D. Minn. July 23, 2008)................................................3

*Shearing v. Optical Radiation Corp.,*
1994 U.S. Dist. LEXIS 18937 (D. Nev. Mar. 25,1994)..................................................3

*Sony Electronics, Inc. v. Soundview,*
157 F. Supp. 190 (D. Conn. 2001).............................................................................. 2-3

*Takeda Pharmaceutical Co. v. Sandoz,*
2007 U.S. Dist. LEXIS 74860 (S.D.N.Y. Oct. 9, 2007) ................................................3

*Taltwell LLC v. Zonet USA Corp.,*
2007 U.S. Dist. LEXIS 93465 (E.D. Va. Dec. 20, 2007) ..............................................2

### FEDERAL STATUTES

35 U.S.C. § 287................................................................................................................2

Fed. R. Civ. P. 15(a)(2)....................................................................................................4

Plaintiff Motivation Innovations' ("Motivation") First Amended Complaint (Exhibit A) (D.I. 11) asserts that Defendant Hallmark Marketing Corp. ("Hallmark") infringes U.S. Patent No. 5,612,527 through direct infringement and inducement to infringe. Relying on Rule 8(a) and the Supreme Court's holding in *Bell Atlantic. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955 (2007) (an antitrust case), Hallmark seeks dismissal of both the inducement to infringe and contributory infringement claims under Rule 8(a). Motivation is not asserting a contributory infringement claim at this time.[1]

As for the inducement claim, Hallmark's motion should be denied as *Twombly* does not require a heightened pleading standard in patent infringement cases as Hallmark's motion suggests. Indeed, when the issue was presented before the Federal Circuit in *McZeal v. Sprint Nextel Corp.*, 501 F. 3d 1354, 1356-1357 (Fed. Cir. 2007) (not cited in Hallmark's motion), the Federal Circuit reemphasized that *Twombly* did not change the rule that basic notice pleading remains the standard for patent infringement. Id. at 1356-1357.

## I.    PLAINTIFF'S FIRST AMENDED COMPLAINT PROVIDES HALLMARK WITH NOTICE OF ITS INDUCEMENT CLAIM

Even after *Twombly*, the longstanding rule that simple notice pleading is all that is required in patent cases continues to apply. So long as a "complaint contains enough detail to allow the defendants to answer and thus meets the notice pleading required to survive a Rule 12(b)(6) motion …. **Nothing more is required**." *McZeal* at 1357 (emphasis added). *Twombly* did not "change the pleading requirement of Federal Rule of Civil Procedure 8 as articulated in *Conley*." *McZeal*, 501 F.3d at 1356 n 4.

---

[1]    Motivation's only reference to "contributory infringement" is found in Paragraph D of its Claim for Relief. Its inclusion was inadvertent, as Motivation does not assert a contributory infringement claim at this time. (*See* Exhibit B).

District courts presented with the issue since *McZeal* have likewise applied the long standing rule of notice pleading. *See, e.g., Taltwell LLC v. Zonet USA Corp.*, 2007 U.S. Dist. LEXIS 93465, *38 (E.D. Va. Dec. 20, 1007):

> [A] patent infringement cause of action is sufficiently pled under *Twombly* standard if it: (1) asserts that the plaintiff owns the patent at issue; (2) names the defendants; (3) states that the defendant infringed the patent; (4) describes, in general terms, the means by which the patent was infringed; (5) and identifies the specific parts of patent law that are implicated. ... Fulfilling each of these elements is sufficient to put the defendant on notice and permit the action to survive Rule 12(b)(6).

*Id.* at *39. Motivation's First Amended Complaint (Exhibit A) asserts that:

1) Motivation owns the patent at issue ('527) (see Amended Complaint at ¶ 3);

2) Hallmark is indeed an accused infringer and named defendant (*id.* at ¶ 7);

3) Hallmark's specific Hallmark Gold Crown program infringes the '527 patent (*id.* at ¶ 20); and

4) Hallmark has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the Hallmark Gold Crown program. Hallmark has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging their infringement (*id.* at ¶20).

These allegations alone are sufficient to survive Hallmark's motion to dismiss plaintiff's inducement claim, as such claims adequately place Hallmark on notice of the nature of the patent infringement claims. But, Motivation goes further by asserting that Hallmark also had notice of the patent in suit through the marking provisions of the Patent Act:

5) Motivation alleges that Hallmark had notice of the '527 patent through the marking provisions of 35 U.S.C. sec 287 (*id.* at ¶ 10).

As such, even if this Court concludes that a patent infringement claim based upon the theory of inducement requires a patentee to plead "intent," Motivation has adequately pled a claim for inducement against Hallmark. *See Sony Electronics, Inc. v. Soundview*, 157 F. Supp. 190, 196

(D. CT 2001) (citing *Water Technologies*, 850 F. 2d at 669, wherein the Federal Circuit held that requisite intent to induce infringement can be inferred from all of the circumstances).

Other district courts have likewise followed *McZeal*. *See Schwendimann v. Arkwright, Inc.*, 2008 U.S. Dist. LEXIS 56421 (D. Minn. July 23, 2008). In considering the scope of *Twombly* in the context of a motion to dismiss a patent infringement claim, the *Schwendimann* court stated:

> <u>Twombly</u> did not radically alter the elementary rules of civil procedure that have governed litigation in the federal courts for the past seventy years. ... [Rather] the Court's "new standard" was merely a specific way to articulate a solution to what it perceived to be a specific pleading problem in a specific area .... **It was not a broad based new license for federal courts to ramp up pleading requirements**.

2008 U.S. Dist. LEXIS 56421, *6-7 (emphasis added).

Hallmark's remaining cases (*Ristvedt-Johnson, Inc. v. Peltz*, 1991 U.S. Dist. LEXIS 17233 (N.D. Ill. Nov. 18, 1991); *Coolsavings.com, Inc. v. Catalina Marketing Corp.*, 1999 U.S. Dist. LEXIS 7891 (N.D. Ill. May 14, 1999); *Catapano v. Wyeth Ayerst Pharms.*, 88 F. Supp. 2d 27 (E.D.N.Y. 2000), and *Shearing v. Optical Radiation Corp.*, 1994 U.S. Dist. LEXIS 18937 (D. Nev. Mar. 25, 1994)), on which Hallmark relies that a heightened pleading standard is required for a patent infringement claim based upon the theory of inducement, all predate the Federal Circuit's opinion in *McZeal*. As such, they are of little guidance here. Moreover, *DSU Medical Corp. v. JMS Corp.*, 471 F.3d 1293 (Fed. Cir. 2006), is also distinguishable as it did not involve a Rule 12(b)(6) analysis of an pleading standard in an inducement claim. Rather, as explained in *Takeda Pharmaceutical Co. v. Sandoz*, 2007 U.S. Dist. LEXIS 74860 (S.D.N.Y. Oct. 9, 2007), in *DSU Medical*, the Federal Circuit reviewed the sufficiency of the evidence of inducement following a trial, not the sufficiency of an inducement claim under Rule 8 pleading standards. *See Takeda Pharmaceutical*, 2007 U.S. Dist. LEXIS 74860 at *11.

Again, all that is needed—which Plaintiff Motivation Innovations has done here—is to place Defendant Hallmark on notice of its inducement claim with sufficient particularity to allow Hallmark to answer.  Hallmark's motion should be denied.

## II.    ALTERNATIVELY, PLAINTIFF SEEKS LEAVE TO FILE THE ATTACHED SECOND AMENDED COMPLAINT

If this Court concludes that Motivation's Amended Complaint is somehow deficient, out of an abundance of caution, Motivation seeks leave to file the attached Second Amended Complaint.  *See* Exhibit B (redline version of proposed Second Amended Complaint).

To avoid what Motivation perceived as an unnecessary motion, Motivation proposed to Hallmark that it would file the attached Second Amended Complaint, and in exchange asked Hallmark to withdraw its motion.  *See* Exhibit C.  It was not until late in the day on Friday, August 15, 2008, however, that Hallmark informed Motivation that it would not agree.  *Id.* Motivation sought clarification as to what further changes may be needed to the complaint (*id.*), but its request for further clarification has not been answered.  Therefore, in the event that the Court should be inclined to grant Hallmark's motion for partial dismissal, Motivation respectfully moves the Court, pursuant to Fed. R. Civ. P. 15(a)(2), for leave to file the proposed Second Amended Complaint attached hereto as Exhibit D.

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

August 18, 2008

Karen L. Pascale (No. 2903) *[kpascale@ycst.com]*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600

- and -

Gregory P. Casimer
David J. Sheikh
Sally J. Wiggins
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

*Attorneys for Plaintiff, Motivation Innovations LLC*

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on August 18, 2008, I caused true and correct copies of the foregoing document to be served upon the following counsel in the manner indicated:

**_By Hand Delivery and E-Mail_**

Richard K. Herrmann
Mary B. Matterer
Amy Arnott Quinlan
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
Telephone: (302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com
aquinlan@morrisjames.com
*Attorneys for Defendant Hallmark Marketing Corporation*

Robert W. Whetzel
Steven J. Fineman
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0391
Telephone: (302) 651-7700
whetzel@rlf.com
fineman@rlf.com
*Attorneys for Defendant Bed, Bath & Beyond, Inc.*

Jeffrey B. Bove
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
jbove@cblh.com
*Attorneys for Defendants DSW, Inc. and Value City Department Stores LLC*

067379.1001

**_By E-Mail_**

Bart A. Starr
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
Telephone:  (816) 474-6550
bstarr@shb.com
*Attorneys for Defendant Hallmark Cards, Inc. and for Hallmark Marketing Corporation*

Charles P. Kennedy
LERNER, DAVID, LITTENBERG, KRUMHOLZ & MENTLIK LLP
600 South Avenue West
Westfield, NJ 07090
Telephone: (908) 654-5000
ckennedy@ldlkm.com
*Attorneys for Defendant Bed, Bath & Beyond, Inc.*

Theodore R. Remaklus
P. Andrew Blatt
WOOD, HERRON & EVANS
2700 Carew Tower
Cincinnati, OH 45202
Telephone: (513) 241-2324
tremaklus@whepatent.com
dblatt@whepatent.com
*Attorneys for Defendants DSW, Inc. and Value City Department Stores LLC*

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*
_____
Karen L. Pascale (#2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
*Attorneys for Plaintiff,*
*Motivation Innovations LLC*

2

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MOTIVATION INNOVATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-334-SLR |
| | ) | |
| DSW, INC., VALUE CITY | ) | **JURY TRIAL DEMANDED** |
| DEPARTMENT STORES, LLC, | ) | |
| BED, BATH & BEYOND, INC., and | ) | |
| HALLMARK MARKETING | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Motivation Innovations, LLC, complains of defendants, DSW, Inc. ("DSW"),

Value City Department Stores, LLC ("Value City"), Bed, Bath & Beyond, Inc. ("BB&B") and

Hallmark Marketing Corporation ("Hallmark") as follows:

### NATURE OF LAWSUIT

1.      This is a claim for patent infringement arising under the patent laws of the United

States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject

matter of the Complaint under 28 U.S.C. § 1338(a).

### PARTIES

2.      Plaintiff is a Delaware corporation with a principal place of business at 54 Hazard

Avenue, Suite 302, Enfield, CT 06082.

3.      Plaintiff owns all right, title and interest in and has standing to sue for

infringement of United States Patent No. 5,612,527 ("the '527 Patent"), entitled "Discount Offer

Redemption System and Method" (attached as Exhibit A).

4.    Defendant DSW is an Ohio corporation with a principal place of business at 4150 East Fifth Avenue, Columbus, Ohio. DSW has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products and services accused of infringement into this judicial district.

5.    On information and belief, defendant Value City is a limited liability corporation organized under the laws of the state of Ohio with a principal place of business at 3241 Westerville Rd., Columbus, Ohio. Value City has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products and services accused of infringement into this judicial district.

6.    Defendant BB&B is a New York corporation with a principal place of business at 650 Liberty Avenue, Union, New Jersey. BB&B has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products and services accused of infringement into this judicial district.

7.    Defendant Hallmark is a privately held corporation with a principal place of business at 2501 McGee Trafficway, Kansas City, Missouri. Hallmark has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products and services accused of infringement into this judicial district.

8.    This Court has personal jurisdiction over the Defendants by virtue of each of the Defendants' acts of patent infringement which have been committed in this judicial district, and by virtue of the Defendants' transaction of business in Delaware.

9.    Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

10.    Plaintiff has given notice of the '527 patent to the public, including each of the defendants, through compliance with the marking provisions of 35 U.S.C. § 287.

2

## DSW's ACTS OF PATENT INFRINGEMENT

11.    DSW has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the Reward Your Style® program.  DSW has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging their infringement.

12.    DSW's infringement has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

13.    DSW's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of DSW's products and services that fall within the scope of the '527 Patent.

## VALUE CITY's ACTS OF PATENT INFRINGEMENT

14.    Value City has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the V Plus program.  Value City has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging their infringement.

15.    Value City's infringement has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

DB02:6921409.1

067379.1001

16.    Value City's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of Value City's products and services that fall within the scope of the '527 Patent.

## BB&B's ACTS OF PATENT INFRINGEMENT

17.    BB&B has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of its home delivered coupon program. BB&B has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging their infringement.

18.    BB&B's infringement has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

19.    BB&B's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of BB&B's products and services that fall within the scope of the '527 Patent.

## HALLMARK's ACTS OF PATENT INFRINGEMENT

20.    Hallmark has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the Hallmark Gold Crown program. Hallmark has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging their infringement.

4

21.    Hallmark's infringement has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

22.    Hallmark's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of Hallmark's products and services that fall within the scope of the '527 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, asks this Court to enter judgment against each defendant and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.    An award of damages adequate to compensate Plaintiff for the infringement that has occurred, together with prejudgment interest from the date infringement of the Plaintiff Patents began;

B.    An award to Plaintiff of all remedies available under 35 U.S.C. § 284;

C.    An award to Plaintiff of all remedies available under 35 U.S.C. § 285;

D.    A permanent injunction prohibiting further infringement, inducement and contributory infringement of the Plaintiff Patents; and,

E.    Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Y OUNG C ONAWAY S TARGATT & T AYLOR LLP

*/s/ Karen L. Pascale*

June 25, 2008

_____

Karen L. Pascale (No. 2903) *[kpascale@ycst.com]*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600

Gregory P. Casimer
David J. Sheikh
Sally J. Wiggins
N IRO, S CAVONE, H ALLER & N IRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

*Attorneys for Motivation Innovations, LLC*

DB02:6921409.1                                                                                              067379.1001

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOTIVATION INNOVATIONS, LLC,<br><br>              Plaintiff,<br><br>     v.<br><br>DSW, INC.; VALUE CITY DEPARTMENT<br>STORES, LLC; BED BATH & BEYOND,<br>INC.; and HALLMARK MARKETING<br>CORPORATION<br><br>              Defendants. | Civil Action No. 08-cv-334 (SLR)<br><br>**JURY TRIAL DEMANDED** |

## SECOND ~~FIRST~~ AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Motivation Innovations, LLC, complains of defendants, DSW, Inc. ("DSW"),

Value City Department Stores, LLC ("Value City"), Bed, Bath & Beyond, Inc. ("BB&B") and

Hallmark Marketing Corporation ("Hallmark") as follows:

## NATURE OF LAWSUIT

1.     This is a claim for patent infringement arising under the patent laws of the United

States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject

matter of the Complaint under 28 U.S.C. § 1338(a).

## PARTIES

2.     Plaintiff is a Delaware corporation with a principal place of business at 54 Hazard

Avenue, Suite 302, Enfield, CT 06082.

3.     Plaintiff owns all right, title and interest in and has standing to sue for

infringement of United States Patent No. 5,612,527 ("the '527 Patent"), entitled "Discount Offer

Redemption System and Method" (attached as Exhibit A).

1

4.      Defendant DSW is an Ohio corporation with a principal place of business at 4150 East Fifth Avenue, Columbus, Ohio. DSW has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products and services accused of infringement into this judicial district.

5.      On information and belief, defendant Value City is a limited liability corporation organized under the laws of the state of Ohio with a principal place of business at 3241 Westerville Rd., Columbus, Ohio. Value City has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products and services accused of infringement into this judicial district.

6.      Defendant BB&B is a New York corporation with a principal place of business at 650 Liberty Avenue, Union, New Jersey. BB&B has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products and services accused of infringement into this judicial district.

7.      Defendant Hallmark is a privately held corporation with a principal place of business at 2501 McGee Trafficway, Kansas City, Missouri. Hallmark has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products and services accused of infringement into this judicial district.

8.      This Court has personal jurisdiction over the Defendants by virtue of each of the Defendants' acts of patent infringement which have been committed in this judicial district, and by virtue of the Defendants' transaction of business in Delaware.

9.      Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

10.     Plaintiff has given notice of the '527 patent to the public, including each of the defendants, through compliance with the marking provisions of 35 U.S.C. § 287.

2

## DSW's ACTS OF PATENT INFRINGEMENT

11.    DSW has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the Reward Your Style® program.  DSW has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging such customers to receive and use the accused Reward Your Style® program~~their infringement~~.

12.    DSW's infringement has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

13.    DSW's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of DSW's products and services that fall within the scope of the '527 Patent.

## VALUE CITY's ACTS OF PATENT INFRINGEMENT

14.    Value City has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the V Plus program.  Value City has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging such customers to receive and use the accused V Plus program~~their infringement~~.

15.    Value City's infringement has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

3

16.     Value City's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of Value City's products and services that fall within the scope of the '527 Patent.

## BB&B's ACTS OF PATENT INFRINGEMENT

17.     BB&B has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of its home delivered coupon program.  BB&B has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging such customers to receive and use the accused BB&B's home delivered coupon program~~their infringement~~.

18.     BB&B's infringement has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

19.     BB&B's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of BB&B's products and services that fall within the scope of the '527 Patent.

## HALLMARK's ACTS OF PATENT INFRINGEMENT

20.     Hallmark has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the Hallmark Gold Crown program.  Hallmark has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging such customers to receive and use the

4

accused Hallmark Gold Crown program~~their infringement~~.

21.    Hallmark's infringement has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

22.    Hallmark's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of Hallmark's products and services that fall within the scope of the '527 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, asks this Court to enter judgment against each defendant and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.    An award of damages adequate to compensate Plaintiff for the infringement that has occurred, together with prejudgment interest from the date infringement of the Plaintiff's Patent~~s~~ began;

B.    An award to Plaintiff of all remedies available under 35 U.S.C. § 284;

C.    An award to Plaintiff of all remedies available under 35 U.S.C. § 285;

D.    A permanent injunction prohibiting further infringement~~,~~ and inducement ~~and contributory infringement~~ of the Plaintiff's Patents; and,

E.    Such other and further relief as this Court or a jury may deem proper and just.

5

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


YOUNG CONAWAY STARGATT & TAYLOR LLP

August 14, 2008

_____
Karen L. Pascale, Esq. (No. 2903) *[kpascale@ycst.com]*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
(302) 571-5001

Gregory P. Casimer *[casimer@nshn.com]*
David J. Sheikh *[sheikh@nshn.com]*
Sally J. Wiggins *[wiggins@nshn.com]*
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733
Facsimile: (312) 236-3137
***Attorneys for Motivation Innovations, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *** which was filed electronically with the Court through the Electronics Case Filing system on August 14, 2008 will be sent electronically to the registered counsel of record as identified on the Notice of Electronic Filing ("NEF"):

Jeffrey B. Bove *(jbove@cblh.com)*
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141

Theodore R. Remaklus *(tremaklus@whepatent.com)*
P. Andrew Blatt *(dblatt@whepatent.com)*
WOOD, HERRON & EVANS, LLP
2700 Carew Tower
441 Vine Street
Cincinnati, OH 45202-2917
Tel: (513) 241-2324
***Attorneys for DSW, Inc. and***
***Value City Department Stores, LLC***

Richard K. Hermann *(rhermann@morrisjames.com)*
MORRIS JAMES, LLP
500 Delaware Avenue – Suite 1500
Wilmington, DE 19801-1494
Tel: (302) 888-6800

Bart A. Starr. Esq.
Eric A. Buresh, Esq.
Holly L. Teeter, Esq.
Jonathan N. Zerger, Esq.'
SHOOK, HARDY & BACON, LLP
2555 Grand Boulevard
Kansas City, MO 64108
Tel: (816) 474-6550
***Attorneys for Hallmark Marketing Corporation***

7

Robert W. Whetzel *(whetzel@rlf.com)*
Steven J. Fineman *(fineman@rlf.com)*
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Tel: (302) 651-7700
***Attorneys for Bed, Bath & Beyond, Inc.***

8

# EXHIBIT C

**Regalado, Angelica M**

| | |
|---|---|
| **From:** | Wiggins, Sally J |
| **Sent:** | Friday, August 15, 2008 1:09 PM |
| **To:** | Wiggins, Sally J; 'eburesh@shb.com' |
| **Cc:** | Regalado, Angelica M; Mecyssne, Marianne D; Casimer, Gregory P |
| **Subject:** | RE: Motiviation v. DSW |

```
Eric
Any feedback
Sally

Sent from my GoodLink synchronized handheld (www.good.com)

 -----Original Message-----
From: Wiggins, Sally J
Sent: Thursday, August 14, 2008 11:59 AM Central Standard Time
To:   eburesh@shb.com
Cc:   Regalado, Angelica M; Mecyssne, Marianne D; Casimer, Gregory P
Subject:   FW: Motiviation v. DSW


Eric -


Consistent with our discussions here is a redlined copy of the amended complaint for
Hallmark's review.


Regards, Sally
```

**Regalado, Angelica M**

| | |
|---|---|
| **From:** | Wiggins, Sally J |
| **Sent:** | Friday, August 15, 2008 2:30 PM |
| **To:** | 'Buresh, Eric A. (SHB)' |
| **Cc:** | Regalado, Angelica M; Mecyssne, Marianne D; Casimer, Gregory P |
| **Subject:** | RE: Re: Motiviation v. DSW |


What is missing from your view?

Sent from my GoodLink synchronized handheld (www.good.com)

 -----Original Message-----
From: Buresh, Eric A. (SHB) [mailto:EBURESH@shb.com]
Sent: Friday, August 15, 2008 01:57 PM Central Standard Time
To:   Wiggins, Sally J
Cc:   Regalado, Angelica M; Mecyssne, Marianne D; Casimer, Gregory P
Subject:    Re: Motiviation v. DSW

Sally,

Sorry about that -- I intended to get back to you yesterday.  We don't feel that your
proposed amendment resolves the issues raised in our motion with respect to the inducement
allegations. Accordingly, we'll maintain the motion.  Notwithstanding, I appreciate the
efforts to cooperate.

Thanks very much.

Eric

----- Original Message -----
From: Wiggins, Sally J <wiggins@nshn.com>
To: Wiggins, Sally J <wiggins@nshn.com>; Buresh, Eric A. (SHB)
Cc: Regalado, Angelica M <regalado@nshn.com>; Mecyssne, Marianne D <mecyssne@nshn.com>;
Casimer, Gregory P <casimer@nshn.com>
Sent: Fri Aug 15 13:09:19 2008
Subject: RE: Motiviation v. DSW

Eric
Any feedback
Sally

Sent from my GoodLink synchronized handheld (www.good.com)

 -----Original Message-----
From: Wiggins, Sally J
Sent: Thursday, August 14, 2008 11:59 AM Central Standard Time
To:   eburesh@shb.com
Cc:   Regalado, Angelica M; Mecyssne, Marianne D; Casimer, Gregory P
Subject:    FW: Motiviation v. DSW


Eric -

Consistent with our discussions here is a redlined copy of the amended complaint for Hallmark's review.


Regards, Sally


Mail Gate  made the following annotations on Fri Aug 15 2008 13:56:39

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOTIVATION INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>DSW, INC.; VALUE CITY DEPARTMENT STORES, LLC; BED BATH & BEYOND, INC.; and HALLMARK MARKETING CORPORATION<br><br>    Defendants. | Civil Action No. 08-cv-334 (SLR)<br><br>**JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Motivation Innovations, LLC, complains of defendants, DSW, Inc. ("DSW"), Value City Department Stores, LLC ("Value City"), Bed, Bath & Beyond, Inc. ("BB&B") and Hallmark Marketing Corporation ("Hallmark") as follows:

## NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

## PARTIES

2. Plaintiff is a Delaware corporation with a principal place of business at 54 Hazard Avenue, Suite 302, Enfield, CT 06082.

3. Plaintiff owns all right, title and interest in and has standing to sue for infringement of United States Patent No. 5,612,527 ("the '527 Patent"), entitled "Discount Offer Redemption System and Method" (attached as Exhibit A).

1

4.    Defendant DSW is an Ohio corporation with a principal place of business at 4150 East Fifth Avenue, Columbus, Ohio. DSW has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products and services accused of infringement into this judicial district.

5.    On information and belief, defendant Value City is a limited liability corporation organized under the laws of the state of Ohio with a principal place of business at 3241 Westerville Rd., Columbus, Ohio. Value City has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products and services accused of infringement into this judicial district.

6.    Defendant BB&B is a New York corporation with a principal place of business at 650 Liberty Avenue, Union, New Jersey. BB&B has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products and services accused of infringement into this judicial district.

7.    Defendant Hallmark is a privately held corporation with a principal place of business at 2501 McGee Trafficway, Kansas City, Missouri. Hallmark has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products and services accused of infringement into this judicial district.

8.    This Court has personal jurisdiction over the Defendants by virtue of each of the Defendants' acts of patent infringement which have been committed in this judicial district, and by virtue of the Defendants' transaction of business in Delaware.

9.    Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

10.    Plaintiff has given notice of the '527 patent to the public, including each of the defendants, through compliance with the marking provisions of 35 U.S.C. § 287.

2

## DSW's ACTS OF PATENT INFRINGEMENT

11.    DSW has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the Reward Your Style® program. DSW has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging such customers to receive and use the accused Reward Your Style® program.

12.    DSW's infringement has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

13.    DSW's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of DSW's products and services that fall within the scope of the '527 Patent.

## VALUE CITY's ACTS OF PATENT INFRINGEMENT

14.    Value City has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the V Plus program. Value City has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging such customers to receive and use the accused V Plus program.

15.    Value City's infringement has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

3

16.     Value City's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of Value City's products and services that fall within the scope of the '527 Patent.

## BB&B's ACTS OF PATENT INFRINGEMENT

17.     BB&B has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of its home delivered coupon program.  BB&B has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging such customers to receive and use the accused BB&B's home delivered coupon program.

18.     BB&B's infringement has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

19.     BB&B's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of BB&B's products and services that fall within the scope of the '527 Patent.

## HALLMARK's ACTS OF PATENT INFRINGEMENT

20.     Hallmark has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the Hallmark Gold Crown program.  Hallmark has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging such customers to receive and use the

4

accused Hallmark Gold Crown program.

21.    Hallmark's infringement has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

22.    Hallmark's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of Hallmark's products and services that fall within the scope of the '527 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, asks this Court to enter judgment against each defendant and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.    An award of damages adequate to compensate Plaintiff for the infringement that has occurred, together with prejudgment interest from the date infringement of the Plaintiff's Patent began;

B.    An award to Plaintiff of all remedies available under 35 U.S.C. § 284;

C.    An award to Plaintiff of all remedies available under 35 U.S.C. § 285;

D.    A permanent injunction prohibiting further infringement and inducement of the Plaintiff's Patent; and,

E.    Such other and further relief as this Court or a jury may deem proper and just.

5

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


YOUNG CONAWAY STARGATT & TAYLOR LLP


August 18, 2008                        _____
                                       Karen L. Pascale, Esq. (No. 2903) *[kpascale@ycst.com]*
                                       The Brandywine Building
                                       1000 West Street, 17th Floor
                                       Wilmington, DE  19899-0391
                                       (302) 571-5001

                                       Gregory P. Casimer *[casimer@nshn.com]*
                                       David J. Sheikh *[sheikh@nshn.com]*
                                       Sally J. Wiggins *[wiggins@nshn.com]*
                                       NIRO, SCAVONE, HALLER & NIRO
                                       181 West Madison Street, Suite 4600
                                       Chicago, Illinois 60602
                                       (312) 236-0733
                                       Facsimile: (312) 236-3137
                                       ***Attorneys for Motivation Innovations, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing \*\*\* which was filed electronically with the Court

through the Electronics Case Filing system on August 18, 2008 will be sent electronically to the

registered counsel of record as identified on the Notice of Electronic Filing ("NEF"):

Jeffrey B. Bove *(jbove@cblh.com)*
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141

Theodore R. Remaklus *(tremaklus@whepatent.com)*
P. Andrew Blatt *(dblatt@whepatent.com)*
WOOD, HERRON & EVANS, LLP
2700 Carew Tower
441 Vine Street
Cincinnati, OH 45202-2917
Tel: (513) 241-2324
***Attorneys for DSW, Inc. and***
***Value City Department Stores, LLC***


Richard K. Hermann *(rhermann@morrisjames.com)*
MORRIS JAMES, LLP
500 Delaware Avenue – Suite 1500
Wilmington, DE 19801-1494
Tel: (302) 888-6800

Bart A. Starr. Esq.
Eric A. Buresh, Esq.
Holly L. Teeter, Esq.
Jonathan N. Zerger, Esq.'
SHOOK, HARDY & BACON, LLP
2555 Grand Boulevard
Kansas City, MO 64108
Tel: (816) 474-6550
***Attorneys for Hallmark Marketing Corporation***

7

Robert W. Whetzel *(whetzel@rlf.com)*
Steven J. Fineman *(fineman@rlf.com)*
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Tel: (302) 651-7700
***Attorneys for Bed, Bath & Beyond, Inc.***

_____