IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MOTIVATION INNOVATIONS, LLC,

    Plaintiff,

v.

DSW, INC., VALUE CITY DEPARTMENT
STORES, LLC, BED, BATH & BEYOND,
INC., AND HALLMARK MARKETING
CORPORATION,

    Defendants.

Civil Action No. 08-334-SLR

**JURY TRIAL DEMANDED**

### DEFENDANT VALUE CITY DEPARTMENT STORES, LLC, FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant Value City Department Stores, LLC ("VCDS"), through its attorneys, hereby answers plaintiff's First Amended Complaint for Patent Infringement ("First Amended Complaint") as follows:

1. In response to paragraph 1 of the First Amended Complaint, VCDS admits that this Court has jurisdiction over the subject matter of the First Amended Complaint and that plaintiff alleges it has a claim for patent infringement, but denies that plaintiff has any such claim or that such a claim is justified.

2. VCDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the First Amended Complaint and, therefore, denies the same.

3. In response to paragraph 3 of the First Amended Complaint, VCDS admits that a copy of U.S. Patent No. 5,612,527, entitled "Discount Offer Redemption System and Method" is attached to the First Amended Complaint as Exhibit A. With respect to the remaining allegations

1

of paragraph 3 of the First Amended Complaint, VCDS is without knowledge or information sufficient to form a belief as to the truth thereof and, therefore, denies the same.

4. VCDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the First Amended Complaint and, therefore, denies the same.

5. In response to paragraph 5 of the First Amended Complaint, VCDS admits that it is an Ohio limited liability company and that its principal place of business is at 3241 Weterville Road, Columbus, Ohio. VCDS denies the remaining allegations of paragraph 5 of the First Amended Complaint.

6. VCDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the First Amended Complaint and, therefore, denies the same.

7. VCDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the First Amended Complaint and, therefore, denies the same.

8. In response to paragraph 8 of the First Amended Complaint, VCDS admits that it is subject to personal jurisdiction in this Court. VCDS denies the remaining allegations of paragraph 8 of the First Amended Complaint.

9. In response to paragraph 9 of the First Amended Complaint, VCDS admits that venue is proper in this judicial district.

10. VCDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the First Amended Complaint and, therefore, denies the same.

11. VCDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the First Amended Complaint and, therefore, denies the same.

12. VCDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the First Amended Complaint and, therefore, denies the same.

13. VCDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the First Amended Complaint and, therefore, denies the same.

14. VCDS denies the allegations of paragraph 14 of the First Amended Complaint.

15. VCDS denies the allegations of paragraph 15 of the First Amended Complaint.

16. VCDS denies the allegations of paragraph 16 of the First Amended Complaint.

17. VCDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the First Amended Complaint and, therefore, denies the same.

18. VCDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the First Amended Complaint and, therefore, denies the same.

19. VCDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the First Amended Complaint and, therefore, denies the same.

20. VCDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the First Amended Complaint and, therefore, denies the same.

21. VCDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the First Amended Complaint and, therefore, denies the same.

22. VCDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the First Amended Complaint and, therefore, denies the same.

## AFFIRMATIVE DEFENSES

By and for its Affirmative Defenses, VCDS states:

### First Affirmative Defense

23. The First Amended Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Second Affirmative Defense

24. Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, U.S. Patent No. 5,612,527 is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 of the United States Code, including, but not limited to Sections 102, 103, and/or 112.

### Third Affirmative Defense

25. VCDS has not infringed, induced others to infringe and/or contributorily infringed any of the claims of U.S. Patent No. 5,612,527 patent, and VCDS is not liable for infringement thereof.

## COUNTERCLAIM

Defendant Value City Department Stores, LLC, through its attorneys, hereby alleges and asserts as follows:

26. This is a counterclaim for a declaratory judgment declaring U.S. Patent No. 5,612,527 ("the '527 patent") invalid, unenforceable and not infringed, and arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

27. Jurisdiction of this Court over this Counterclaim is based upon 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and upon Rule 13 of the Federal Rules of Civil Procedure.

28. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b), and Motivation Innovations, LLC ("Motivation Innovations"), by virtue of having brought suit against VCDS, has submitted itself to the jurisdiction of this Court.

29. Motivation Innovations claims to be the assignee of the '527 patent and has brought suit against VCDS herein for alleged infringement of the '527 patent.

30. An actual case or controversy exists between VCDS and Motivation Innovations based upon Motivation Innovations having filed the First Amended Complaint against VCDS.

31. Neither VCDS nor any of its customers has infringed any of the claims of the '527 patent.

32. Upon information and belief, and as will likely be supported by evidence after reasonable opportunity for further investigation and discovery, the claims of the '527 patent are invalid, null, and/or void for failure to comply with the conditions and requirements for patentability specified in Title 35 of the United States Code, including, but not limited to Sections §§ 102, 103 and/or 112.

33.   As a result of the aforesaid conduct of Motivation Innovations, there is an actual controversy pursuant to 28 U.S.C. § 2201 regarding the validity, enforceability and infringement of the claims of the '527 patent.

34.   VCDS has been injured and damaged by Motivation Innovations' filing of the First Amended Complaint in the present action asserting patents that are invalid, unenforceable and/or not infringed.

## PRAYER FOR RELIEF

WHEREFORE, Value City Department Stores, LLC prays that:

A.   Plaintiff Motivation Innovations, LLC's First Amended Complaint be dismissed with prejudice and that judgment be entered for Value City Department Stores, LLC;

B.   A declaratory judgment be entered declaring that the '527 patent is invalid;

C.   A declaratory judgment be entered declaring that neither Value City Department Stores, LLC nor any of its customers has infringed any of the claims of the '527 patent;

D.   This case be adjudged and decreed exceptional under 35 U.S.C. § 285 entitling Value City Department Stores, LLC to an award of its reasonable attorney fees and that such reasonable attorney fees be awarded; and

E.   For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant Value City Department Stores, LLC demands a trial by jury of all issues triable in this action.

Respectfully submitted,

August 19, 2008

/s/ *Jeffrey B. Bove*
Jeffrey B. Bove (No. 998) [*jbove@cblh.com*]
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

Attorneys for Defendant
Value City Department Stores LLC

OF COUNSEL
Theodore R. Remaklus [*tremaklus@whepatent.com*]
P. Andrew Blatt [*dblatt@whepatent.com*]
Wood, Herron & Evans, L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202-2917
(513) 241-2324

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following, and sent the document by Electronic Mail and Hand Delivery as follows:

<u>Via Electronic Mail and Hand Delivery</u>:
Karen L. Pascale
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

Richard K. Herrmann
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494

Robert W. Whetzel
Steven J. Fineman
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0391
<u>Via Electronic Mail</u>:
Gregory P. Casimer
David J. Sheikh
Sally J. Wiggins
Niro, Scavone, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, Illinois 60602

I hereby certify that on August 19, 2008, I have sent by Electronic Mail and U.S. Mail the foregoing document to the following non-registered participants:

Charles P. Kennedy
Lerner, David, Littenberg, Krumholz & Mentlik LLP
600 South Avenue West
Westfield, NJ 07090

Bart A. Starr
Shook, Hardy & Bacon LLP
2555 Grand Blvd.
Kansas City, MO 64108

/s/ Jeffrey B. Bove
Jeffrey B. Bove (No. 998) [jbove@cblh.com]
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141