IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOTIVATION INNOVATIONS, L.L.C., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DSW, INC.; VALUE CITY DEPARTMENT § <br> STORES, L.L.C.; BED, BATH & BEYOND, § <br> INC.; AND HALLMARK MARKETING § <br> CORPORATION, § <br> § <br> Defendants. § | Civil Action No. 08-334-SLR <br><br> **JURY TRIAL DEMANDED** |

**HALLMARK MARKETING CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT AND OPPOSITION TO PLAINTIFF'S ALTERNATIVE MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
Amy Arnott Quinlan (I.D. #3021)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
Telephone: (302) 888-6800
E-mail: mmatterer@morrisjames.com

Of Counsel:

Bart A. Starr         (admitted *pro hac vice*)
Eric A. Buresh       (admitted *pro hac vice*)
Jonathan N. Zerger (admitted *pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: (816) 474-6500
E-mail: bstarr@shb.com
E-mail: eburesh@shb.com
E-mail: jzerger@shb.com

*Attorneys for Defendant*
*Hallmark Marketing Corporation*

**TABLE OF CONTENTS**

I.  ARGUMENTS ........................................................................................................... 1

    A.  Hallmark's Motion Does Not Suggest That *Bell Atlantic* Altered The Pleading Standard ........................................................................................... 1

    B.  Inducement To Infringe Requires, But Plaintiff Fails to Assert, Factual Allegations Supporting The Existence of Specific Intent ........................................ 2

    C.  The Cases Cited In Hallmark's Opening Brief Provide Guidance On The Requirements For Pleading Inducement To Infringe .............................................. 4

    D.  Plaintiff's Proposed Second Amended Complaint Is Also Fatally Deficient ......... 6

II. CONCLUSION ......................................................................................................... 7

# TABLE OF AUTHORITIES

**Statutes**

| | |
|---|---|
| 35 U.S.C. § 271(b) | 3 |

**Federal Rules of Civil Procedure**

| | |
|---|---|
| Rule 8(a) | 1, 2, 3, 4, 5, 7 |
| Rule 12(b)(6) | 1, 2, 7 |

**Cases**

| | |
|---|---|
| *Bell Atl. Corp. v. Twombly* 127 S.Ct. 1955 (2007) | 1, 2, 4 |
| *BMC Res., Inc. v. Paymentech, L.P.* 498 F.3d 1373 (Fed. Cir. 2007) | 3 |
| *Catapano v. Wyeth Ayerst Pharms. Inc.* 88 F. Supp. 2d 27 (E.D.N.Y. 2000) | 4, 5 |
| *Coolsavings.com v. Catalina Mktg. Corp.* 1999 U.S. Dist. LEXIS 7891 (N.D. Ill. 1999) | 5 |
| *DSU Med. Corp. v. JMS Co.* 471 F.3d 1293 (Fed. Cir. 2006) (*en banc*) | 3 |
| *Manville Sales Corp. v. Paramount Sys., Inc.* 1990 U.S. App. LEXIS 18561 (Fed. Cir. 1990) | 3 |
| *McZeal v. Sprint Nextel Corp.* 501 F.3d 1354 (Fed. Cir. 2007) | 1, 2, 3, 4, 5 |
| *Ristvedt-Johnson, Inc. v. Nelson Peltz* 1991 U.S. Dist LEXIS 17233 (N.D. Ill. 1991) | 5, 6 |
| *Shearing v. Optical Radiation Corp.* 1994 U.S. Dist. LEXIS 18973 (D. Nev. 1994) | 5 |
| *Taltwell LLC v. Zonet USA Corp.* 2007 U.S. Dist. LEXIS 93465 (E.D. Va. Dec. 20, 2007) | 3 |

Defendant Hallmark Marketing Corporation ("Hallmark") offers the following Reply in support of its Partial Motion To Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In its Opposition, Plaintiff advances three erroneous arguments. Each ignores the critical fact that Plaintiff is alleging inducement to infringe but has not – indeed cannot – plead *any* facts that support the existence of the requisite scienter. Plaintiff's mere recitation of the elements of the cause of action is not sufficient to satisfy Rule 8(a), which in conjunction with Rule 12(b)(6) is designed to prevent parties from being forced to go to significant expense to litigate a claim that cannot be adequately alleged in the first instance. Here, Hallmark should not be forced to expend substantial resources to disprove a claim that Plaintiff cannot even allege. Accordingly, Rule 12(b)(6) mandates dismissal of Plaintiff's inducement to infringe claim.

I.  ARGUMENTS

Plaintiff advances three erroneous arguments in its Response. First, Plaintiff argues that Hallmark's motion relies on a heightened pleading standard. Second, Plaintiff essentially argues that a patentee alleging inducement to infringe can survive a Rule 12(b)(6) motion even though the patentee does not plead factual allegations supporting the existence of the requisite specific intent. Third, Plaintiff argues that Hallmark's remaining cases provide little guidance because they predate *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955 (2007) and *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007). As explained below, all of Plaintiff's arguments are meritless.

A.  **Hallmark's Motion Does Not Suggest That *Bell Atlantic* Altered The Pleading Standard**

Plaintiff first argues that Hallmark's motion suggests or relies upon a heightened pleading standard in patent infringement cases. Specifically, Plaintiff argues that Hallmark's motion

1

suggests that *Bell Atlantic* "heightened" the notice pleading requirement. To the contrary, Hallmark does not now and has not ever contended that *Bell Atlantic* altered the notice pleading requirements of Rule 8(a). Indeed, *Bell Atlantic* simply confirms what Rule 8(a) has always required – factual allegations sufficient to establish that the plaintiff is entitled to relief. *Id.* at 1965 n.3 (stating that without factual allegations "it is hard to see how a claimant could satisfy the requirement of providing not only fair notice . . . but also grounds on which the claim rests").

Importantly, *Bell Atlantic* also clarifies that to survive a Rule 12(b)(6) motion, a plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusion . . . ." *Id.* at 1964-65. *McZeal*, which Plaintiff heavily relies upon for the forgone conclusion that *Bell Altantic* did not alter the pleading requirement, also recognizes that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." 501 F.3d at 1356 (citations omitted). The simple point is, while patent infringement claims are not subject to a heightened pleading standard, Rule 8(a) requires factual allegations sufficient to show that the plaintiff is entitled to relief. To survive a Rule 12(b)(6) motion, the complaint must include more than conclusory statements and a recitation of the elements. Here, Plaintiff did not allege any facts supporting the existence of scienter. Plaintiff alleged only legal conclusions. Accordingly, Plaintiff's inducement to infringe claim does not satisfy Rule 8(a) and cannot survive a Rule 12(b)(6) motion to dismiss.

B.  **Inducement To Infringe Requires, But Plaintiff Fails to Assert, Factual Allegations Supporting The Existence of Specific Intent**

Plaintiff's next contention hinges on the argument that a patentee alleging inducement to infringe can survive a Rule 12(b)(6) motion even though the patentee does not plead factual allegations supporting the existence of the requisite specific intent. Specifically, Plaintiff argues that its inducement to infringe claim satisfies Rule 8(a), and therefore survives a Rule 12(b)(6)

2

motion, because Plaintiff pleaded the five elements listed in *Taltwell LLC v. Zonet USA Corp.*, 2007 U.S. Dist. LEXIS 93465 (E.D. Va. Dec. 20, 2007). But the *Taltwell* case, as well as the case upon which *Taltwell* relies (i.e., *McZeal*), both involve complaints alleging direct patent infringement and not inducement of others to infringe. *Taltwell*, 2007 U.S. Dist. LEXIS *6; *McZeal*, 501 F.3d at 1357. Importantly, direct patent infringement (unlike inducement to infringe) is a strict liability offense and ***does not*** include any scienter requirement. *See BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1381 (Fed. Cir. 2007) ("Direct infringement is a strict liability offense"). Therefore, it is axiomatic that the causes of action involved in *Taltwell* and *McZeal* do not include a scienter element, and the cases are inapposite to Plaintiff's purported inducement to infringe claim.

Inducement to infringe requires that the defendant both knew of the patent and specifically intended to encourage another to infringe that patent. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 1990 U.S. App. LEXIS 18561, *23 (Fed. Cir. 1990) (stating that for an inducement to infringe claim to succeed "[i]t must be established that the defendant possessed specific intent to encourage another's infringement"). Indeed, an *en banc* Federal Circuit has stated that under 35 U.S.C. § 271(b), the "requirement that the alleged infringer knew or should have known his actions would induce actual infringement ***necessarily*** includes the requirement that he or she ***knew*** of the patent." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (*en banc*) (emphasis added). Therefore, Rule 8(a) requires a plaintiff asserting an inducement to infringe claim to allege knowledge of the patent and some facts supporting at least an inference of specific intent.

Here, Plaintiff baldly asserts only a legal conclusion that Hallmark "knowingly and intentionally induced others to infringe . . . by willfully and intentionally aiding, abetting,

3

assisting and encouraging their infringement." D.I. 11 at ¶ 20. Importantly, this bare conclusion is void of factual allegations implying the existence of the requisite specific intent. As a matter of fact, Plaintiff failed to allege even actual knowledge of the patent on the part of Hallmark much less other facts that suggest Hallmark specifically intended to encourage another's infringement of Plaintiff's patent.

Plaintiff makes much of its assertion that Hallmark had constructive notice of the patent via patent marking. But even alleging actual knowledge (let alone constructive knowledge) of the patent is insufficient to allege the specific intent required for an inducement to infringe claim. *See Catapano v. Wyeth Ayerst Pharms.*, 88 F. Supp. 2d, 27, 30 (E.D.N.Y. 2000) (dismissing plaintiff's induced infringement claim because even alleging actual knowledge of the patent is insufficient to allege specific intent to encourage others to infringe that patent). Therefore, Plaintiff's allegation of constructive notice via marking – not even rising to actual knowledge of the patent – fails to adequately plead a claim against Hallmark for inducement of others to infringe.

    C.    **The Cases Cited In Hallmark's Opening Brief Provide Guidance On The Requirements For Pleading Inducement To Infringe**

Plaintiff's last argument is that the cases cited in Hallmark's opening brief provide little guidance because these cases predate *McZeal*. Plaintiff's final argument is logically flawed because it is inconsistent with Plaintiff's first argument. As discussed above, Plaintiff's first argument is that *Bell Atlantic* and *McZeal* did not alter the pleading requirements of Rule 8(a) – a statement with which Hallmark agrees. Because neither case altered the pleading requirements, cases predating *Bell Atlantic* and *McZeal*, contrary to Plaintiff's assertions otherwise, remain good law and provide an abundance of guidance. Specifically, the cases cited in Hallmark's opening brief provide guidance on how courts apply Rule 8(a) to claims like the one involved

here, namely inducement by a defendant of others to infringe. The direct infringement cases relied upon by Plaintiff are inapposite.

To the extent Plaintiff is suggesting that *McZeal* outlines the pleading requirement for patent infringement claims, and therefore cases predating *McZeal* are no longer good law, Plaintiff is wrong. *McZeal* outlines the pleading requirements for direct infringement, which **does not** require a scienter element. Notably, Hallmark has not moved to dismiss Plaintiff's claim for direct infringement. Conversely, the cases cited in Hallmark's opening brief outline the pleading requirements for an inducement of others to infringe claim, which **does** require scienter and is addressed by Hallmark's motion. Therefore, contrary to Plaintiff's assertions, the cases cited in Hallmark's opening brief provide **relevant** guidance on the pleading requirements for inducement to infringe claims as opposed to *McZeal*, which is inapposite and upon which Plaintiff relies.

Accordingly, Plaintiff's third argument fails. The cases cited in Hallmark's opening brief define the pleading requirements for inducement to infringe claims. Specifically, the cited cases demonstrate that a plaintiff alleging inducement to infringe **must** allege some facts implying the existence of specific intent. *Catapano v. Wyeth Ayerst Pharms.*, 88 F. Supp. 2d, 27, 30 (E.D.N.Y. 2000) (dismissing plaintiff's complaint for inducement to infringe because knowledge of the patent is insufficient to satisfy Rule 8(a)); *Coolsavings.com v. Catalina Marketing Corp.*, 1999 U.S. Dist. LEXIS 7891 (N.D. Ill. 1999) (dismissing plaintiff's inducement to infringe claim because plaintiff failed to make "some factual allegations that impl[y] the existence of the requisite *scienter*") (emphasis in original); *Shearing v. Optical Radiation Corp.*, 1994 U.S. Dist. LEXIS 18973 (D. Nev. 1994) (dismissing inducement to infringe claim because complaint did not "afford a basis for believing that plaintiffs could prove scienter"); *Ristvedt-Johnson, Inc. v.*

5

*Nelson Petlz*, 1991 U.S. Dist. LEXIS 17233, *9-13 (N.D. Ill. 1991) (dismissing plaintiff's induced infringement claim because plaintiff's allegations "do not suggest the requisite intent on the part of the defendants to induce [another] to infringe on [plaintiff's] patents"). Plaintiff does not substantively address any of these cases or the differences in the requisite elements for direct and induced infringement causes of action.

D.   **Plaintiff's Proposed Second Amended Complaint Is Also Fatally Deficient**

Plaintiff submits a proposed Second Amended Complaint. But this complaint also fails to include facts supporting an inference that Hallmark intentionally encouraged another to infringe Plaintiff's patent. The additions merely restate Plaintiff's legal conclusions. Plaintiff makes no effort to provide any facts that, if true, would support a finding of specific intent to induce infringement. The reason Plaintiff cannot plead inducement to infringe is because Plaintiff does not have facts supporting or implying the requisite scienter. Therefore, Plaintiff's conclusory allegations of inducement to infringe in its Proposed Second Amended Complaint are also deficient. Hallmark should not be forced to defend a claim that Plaintiff cannot properly allege.

Finally, for whatever reason, Plaintiff deems it necessary to suggest Hallmark did not cooperate by explaining to Plaintiff how to properly plead its cause of action. D.I. at 4. Notwithstanding the fact that Hallmark is under no obligation to provide legal counsel to Plaintiff, Hallmark referred Plaintiff to Hallmark's Motion to Dismiss, which clearly lays out the missing scienter elements of Plaintiff's inducement to infringe claim and the necessity of pleading facts (not mere conclusions). The reason Plaintiff has not and cannot amend its Complaint to comport with the pleading requirements is not due to any supposed lack of cooperation or clarity by Hallmark. Rather, Plaintiff simply has no facts upon which to base an inducement claim. Plaintiff's inability to cure its deficiency is telling of the lack of substance of

its inducement claim. Plaintiff simply cannot factually support the allegation. Accordingly, dismissal is appropriate.

## II. CONCLUSION

All three arguments advanced by Plaintiff fail. Moreover, Plaintiff's Second Amended Complaint, drafted after reviewing Hallmark's Motion, also fails to satisfy Rule 8(a) because it provides no factual support for the scienter element. Because Plaintiff's claim for inducement to infringe (in either its First or proposed Second Amended Complaint) does not satisfy Rule 8(a), it is subject to dismissal pursuant to Rule 12(b)(6). Accordingly, Hallmark respectfully requests that the Court dismiss Plaintiff's inducement to infringe claim before Hallmark and the Court expend time and money litigating a cause of action that Plaintiff is incapable of adequately asserting.

Dated: August 28, 2008

/s/ Mary Matterer
Richard K. Herrmann (I.D. #405)
Mary B. Matterer    (I.D. #2696)
Amy Arnott Quinlan  (I.D. #3021)
MORRIS JAMES L.L.P.
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
Telephone: (302) 888-6800
E-mail: mmatterer@morrisjames.com

Of Counsel:

Bart A. Starr       (admitted *pro hac vice*)
Eric A. Buresh      (admitted *pro hac vice*)
Jonathan N. Zerger  (admitted *pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: (816) 474-6500
E-mail: bstarr@shb.com

*Attorneys for Defendant*
*Hallmark Marketing Corporation*