IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOTIVATION INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DSW, INC.; VALUE CITY DEPARTMENT STORES, LLC; BED BATH & BEYOND, INC.; and HALLMARK MARKETING CORPORATION<br><br>Defendants. | Civil Action No. 08-cv-334 (SLR)<br><br>**JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Motivation Innovations, LLC, complains of defendants, DSW, Inc. ("DSW"), Value City Department Stores, LLC ("Value City"), Bed, Bath & Beyond, Inc. ("BB&B") and Hallmark Marketing Corporation ("Hallmark") as follows:

### NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

### PARTIES

2. Plaintiff is a Delaware corporation with a principal place of business at 54 Hazard Avenue, Suite 302, Enfield, CT 06082.

3. Plaintiff owns all right, title and interest in and has standing to sue for infringement of United States Patent No. 5,612,527 ("the '527 Patent"), entitled "Discount Offer Redemption System and Method" (attached as Exhibit A).

1

4. Defendant DSW is an Ohio corporation with a principal place of business at 4150 East Fifth Avenue, Columbus, Ohio. DSW has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products and services accused of infringement into this judicial district.

5. On information and belief, defendant Value City is a limited liability corporation organized under the laws of the state of Ohio with a principal place of business at 3241 Westerville Rd., Columbus, Ohio. Value City has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products and services accused of infringement into this judicial district.

6. Defendant BB&B is a New York corporation with a principal place of business at 650 Liberty Avenue, Union, New Jersey. BB&B has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products and services accused of infringement into this judicial district.

7. Defendant Hallmark is a privately held corporation with a principal place of business at 2501 McGee Trafficway, Kansas City, Missouri. Hallmark has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling the products and services accused of infringement into this judicial district.

8. This Court has personal jurisdiction over the Defendants by virtue of each of the Defendants' acts of patent infringement which have been committed in this judicial district, and by virtue of the Defendants' transaction of business in Delaware.

9. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

10. Plaintiff has given notice of the '527 patent to the public, including each of the defendants, through compliance with the marking provisions of 35 U.S.C. § 287.

## DSW's ACTS OF PATENT INFRINGEMENT

11. DSW has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the Reward Your Style® program. DSW has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging such customers to receive and use the accused Reward Your Style® program.

12. DSW's infringement has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

13. DSW's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of DSW's products and services that fall within the scope of the '527 Patent.

## VALUE CITY's ACTS OF PATENT INFRINGEMENT

14. Value City has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the V Plus program. Value City has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging such customers to receive and use the accused V Plus program.

15. Value City's infringement has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

16. Value City's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of Value City's products and services that fall within the scope of the '527 Patent.

### BB&B's ACTS OF PATENT INFRINGEMENT

17. BB&B has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of its home delivered coupon program. BB&B has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging such customers to receive and use the accused BB&B's home delivered coupon program.

18. BB&B's infringement has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

19. BB&B's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of BB&B's products and services that fall within the scope of the '527 Patent.

### HALLMARK's ACTS OF PATENT INFRINGEMENT

20. Hallmark has infringed one or more claims of the '527 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of the Hallmark Gold Crown program. Hallmark has also knowingly and intentionally induced others to infringe (such as its customers in this judicial district and throughout the United States) by willfully and intentionally aiding, abetting, assisting and encouraging such customers to receive and use the

accused Hallmark Gold Crown program.

21. Hallmark's infringement has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

22. Hallmark's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of Hallmark's products and services that fall within the scope of the '527 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, asks this Court to enter judgment against each defendant and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate Plaintiff for the infringement that has occurred, together with prejudgment interest from the date infringement of the Plaintiff's Patent began;

B. An award to Plaintiff of all remedies available under 35 U.S.C. § 284;

C. An award to Plaintiff of all remedies available under 35 U.S.C. § 285;

D. A permanent injunction prohibiting further infringement and inducement of the Plaintiff's Patent; and,

E. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

August 18, 2008

*/s/ Karen L. Pascale*

Karen L. Pascale (No. 2903) *[kpascale@ycst.com]*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-5001

Gregory P. Casimer [*casimer@nshn.com*]
David J. Sheikh [*sheikh@nshn.com*]
Sally J. Wiggins [*wiggins@nshn.com*]
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733
***Attorneys for Motivation Innovations, LLC***