IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MOTIVATION INNOVATIONS LLC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DSW, INC.;VALUE CITY DEPARTMENT )<br>STORES, LLC; BED BATH & BEYOND, )<br>INC.; and HALLMARK MARKETING )<br>CORPORATION, )<br>)<br>Defendants. )<br>) | Civil Action No. 08-334-SLR |

## SCHEDULING ORDER

At Wilmington this ___1st___ day of ___December___ 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by **December 1, 2008** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

   (a) Discovery will be needed on the following subjects: Plaintiff will take discovery on infringement and defendants' contentions on claim construction and invalidity. Defendants will take discovery on claim construction, non-infringement, invalidity, and unenforceability of the patents-in-suit and defendant Bed Bath & Beyond's affirmative defenses of laches and equitable estoppel.

(b) All fact discovery shall be commenced in time to be completed by **August 1, 2009.**

(1) Document production shall be completed on or before **April 1, 2009.**

(2) Maximum of **25** interrogatories by each party to any other party.

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Maximum of **50** requests for admission by each party to any other party and unlimited requests regarding authenticity of documents.

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6) Plaintiff shall have a maximum of 80 hours for fact depositions, and Defendants shall have a maximum of 105 total hours for fact depositions to be shared equally among the Defendants. Each fact deposition is limited to a maximum of 7 hours unless extended by agreement of the parties, with the exception of the deposition of the named inventor of the patent-in-suit. The deposition of the named inventor shall be limited to 21 hours. Any party may petition the Court for additional deposition testimony upon a showing of good cause.

 (c) Expert discovery shall be commenced in time to be completed by **August 21, 2009**.

 (1) Expert reports on issues for which the parties have the burden of proof due **June 26, 2009**. Rebuttal expert reports due **July 24, 2009**.

 (2) Expert deposition to be limited to a maximum of 10 hours per expert report submitted unless extended by agreement of the parties.

 (3) All *Daubert* motions shall be filed on or before **February 1, 2010**.

 (4) Drafts of any expert report or disclosure, such as drafts of those reports required under Fed. R. Civ. P. 26(a)(2), shall not be discoverable regardless of the form of the draft.

 (5) Communications of any form between a party to this action or the party's attorney and that party's retained expert shall be privileged and shall not be discoverable, except to the extent that the communications:

  (i) Relate to compensation for the expert's study or testimony;

  (ii) Identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed, or

  (iii) Identify assumptions that the party's attorney provided and that the expert relied upon in forming the opinions to be expressed.

 (d) If willfulness has been asserted and absent agreement among the parties, the defendants must inform plaintiff as to whether it intends to rely on advice of counsel by **July 1, 2009**. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendants to its counsel and whatever other materials related to the issues in dispute that defendants had in its possession at the time the advice was sought.

(e) Supplementations under Rule 26(e) due **June 15, 2009** and at other times as appropriate pursuant to Federal Rule of Civil Procedure 26(e).

(f) **Discovery Disputes.**

(1) The court shall conduct an in-person discovery status conference on **March 10, 2009 at 4:30 p.m.**, the time to be allocated equally among the sides. **No motions to compel or motions for protective order shall be filed absent approval of the court.**

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Electronically Stored Information (ESI) Discovery.** The parties do not want to adopt the "Default Standard for Discovery of Electronically Stored Information ('E-Discovery')." The parties agree to confer and enter into an agreement concerning the discovery of Electronically Stored Information by December 10, 2008.

(h) **Fact Witnesses to be Called at Trial.** Within thirty (30) days following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within thirty (30) days of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within thirty (30) days after service of the list of rebuttal fact witnesses and shall be limited to **twenty (20) hours**

**per side in the aggregate** unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before **June 1, 2009**.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** Plaintiff shall advise each defendant by **February 23, 2009**, of which patent claims Plaintiff asserts against that defendant. If the court does not find that a limited earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on **June 15, 2009**. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before **October 2, 2009**. Opposition briefs shall be filed and served on or before **November 2, 2009**, and Reply briefs shall be filed and served on or before **November 20, 2009**. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the Court.

7. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language at issue that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **August 31, 2009**, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on **September 11, 2009**. Simultaneous response briefs should be filed by **September 25, 2009**. Issues of claim construction shall be considered by the Court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on **January 29, 2010 at 9:30 a.m.**

8. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

(a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9. **Motions in Limine. No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference will be held on **April 8, 2010 at 4:30 p.m.** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.     **Trial.** This matter is scheduled for a two-week jury trial commencing on **April 26, 2010** at 9:30 a.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
UNITED STATES DISTRICT JUDGE