IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOTIVATION INNOVATIONS, LLC, : | |
| : | C.A. No.  08-334-SLR |
| Plaintiff, : | |
| v. : | |
| : | |
| DSW, INC., VALUE CITY DEPARTMENT : | |
| STORES, LLC, BED BATH & BEYOND, INC., : | |
| and HALLMARK CARDS, INC., : | |
| : | |
| Defendants. : | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS'
MOTION FOR STAY PENDING REEXAMINATION**

<div style="margin-left:auto;">

Jeffrey B. Bove (# 998)
jbove@cblh.com
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
 Attorneys for Defendant DSW Inc.

Robert Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899-0391
Attorneys For Defendant Bed Bath & Beyond Inc.

</div>

Dated:  April 30, 2009

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I. INTRODUCTION .................................................................................................. 1

II. ARGUMENT ........................................................................................................... 2

    A. A Stay Serves The Purpose Of The Reexamination Statute ................................. 2

    B. Reexamination Is Likely To Change The Character Of This Case ........................ 3

    C. A Stay Would Not Unduly Prejudice Or Tactically Disadvantage Motivation ................................................................................. 5

    D. Defendants May Be Irreparably Injured By Denial Of A Stay ............................. 7

    E. The Status Of Discovery Is Appropriate To Benefit From A Stay Pending Reexamination ................................................................................. 7

III. CONCLUSION ....................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cardinal Chem. Co. v. Morton Int'l, Inc.*,
    508 U.S. 83 (1993) .................................................................................................................. 6

*Ethicon, Inc. v. Quigg,*
    849 F.2d 1422 (Fed. Cir. 1988) ............................................................................................... 4

*Everything for Love.com, Inc. v. Tender Loving Things, Inc.*,
    No. 02-2605, 2006 WL 2091706 (D. Ariz. July 21, 2006) ..................................................... 7

*Gould v. Control Laser Corp.*,
    705 F.2d 1340 (Fed. Cir. 1983) ............................................................................................... 2

*Kenexa BrassRing, Inc. v. Taleo Corp.*,
    No. 07-521, 2009 WL 393782 (D. Del. Feb. 18, 2009) .......................................................... 5

*Novozymes A/S v. Genencor Int'l Inc.*,
    474 F. Supp. 2d 592 (D. Del. 2007) ........................................................................................ 5

*SmithKline Beecham Corp. v. Apotex Corp.*,
    403 F.3d 1331 (Fed. Cir. 2005) ............................................................................................... 6

## INTRODUCTION

Defendants DSW Inc. ("DSW") and Bed Bath and Beyond Inc. ("BBB") submit this reply brief in support of their motion to stay the present case pending reexamination of the '527 patent-in-suit.

Consideration of the pertinent factors favors a stay:

1. The purpose of reexamination will be served by waiting until the '527 Patent is reexamined under the special expertise of the United States Patent and Trademark Office ("USPTO") based on two significant prior art references (the DeLapa and Off patents) not considered before. A stay pending the reexamination should not unduly delay this case because Motivation Innovations, LLC ("Motivation") concedes that the reexamination sets forth an invalidity position that is both brief and simple. Not only did the defendants bring the reexamination petition promptly upon uncovering highly relevant prior art, but they gave Motivation the references and held up filing the petition for *three weeks* while negotiating with Motivation.

2. The reexamination is likely to change the very patent claims that are asserted against the defendants. All asserted claims are likely to be reexamined. Any amendment to an asserted claim will mean, as a matter of law, that the asserted claim is invalid. Plaintiff Motivation recognizes this impact from canceled claims, but ignores the same consequence that follows from claims amended in reexamination.

3. Motivation would not be irreparably injured by the stay because it does not even practice the '527 Patent and can be compensated for any proven infringement by money damages after trial. Motivation speculates that it may suffer a loss of evidence or a tactical disadvantage from a stay, but provides no support for this assertion.

4.	In contrast to Motivation's absence of irreparable injury, defendants would likely suffer irreparable injury from denial of a stay. Should Motivation prevail at trial, but the '527 Patent claims later are determined invalid in reexamination, defendants would be irreparably injured by any issued injunction or awarded damages based on the invalid patent claims.

5.	A stay will conserve judicial time and the parties' resources. Motivation concedes that while discovery has begun in this case, many further discovery matters must be completed. Moreover, the considerable costs of trial preparation and trial may have to be repeated if this case is not stayed pending reexamination.

## ARGUMENT

### A.	A Stay Serves The Purpose Of The Reexamination Statute.

Congress enacted a reexamination procedure to allow prior art challenges to issued patents that raise a substantial new question of patentability to be handled by the special expertise of the USPTO. As the Federal Circuit recognized in *Gould v. Control Laser Corp.*, 705 F.2d 1340 (Fed. Cir. 1983): "One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Id.* at 1342.

In the conclusion of its brief, Motivation agrees that reexamination procedures have a laudable goal and may accomplish legitimate objectives that could simplify a litigation. (D.I. 86, Motivation Br. 11-12.) These are not merely aspirational goals, but real objectives for this case. The reexamination provides a narrowly focused procedure to consider the validity of the claims of the '527 Patent asserted in this case as to two unconsidered, highly significant prior art references, the DeLapa and Off patents, *before* the parties and this Court try a case on what may

2

be invalid patent claims. Indeed, defendants have done all they could to simplify and expedite the reexamination. Motivation even admits the "brevity and simplicity of the Defendants' petition [for reexamination]." (*Id.* at 4-5.)

The issue is not merely one of the time it will take, but a procedure that achieves economy, efficiency, and fairness. If this case is allowed to proceed to trial before the reexamination is decided, the asserted patent claims may later be cancelled or amended in reexamination. As a matter of law, those claims -- on which the case will be tried -- will be determined to have been invalid. Either the parties and the Court must start over with a new case on the amended claims, or defendants will have been injured by money damages or an injunction, or both, on patent claims later determined to have been invalid. Either unattractive result strongly favors staying the present proceedings until the validity of the asserted claims of the '527 Patent can be decided in reexamination.

Motivation asserts that this case can be resolved in one year and is unconcerned about the risk of inconsistent results, most likely because inconsistent results will irreparably injure only the defendants. (D.I. 86, Motivation Br. 1.) Without a stay, Motivation will be able to increase the risk of irreparable harm to defendants by pushing this case to trial, while dragging its feet in the *ex parte* reexamination. Only Motivation participates in the *ex parte* reexamination and alone has the ability to expedite or delay the proceeding by how quickly it files papers.

**B.     Reexamination Is Likely To Change The Character Of This Case.**

The '527 Patent has 20 claims. While Motivation has not yet narrowed down the asserted claims, the reexamination request provides evidence of invalidity of all 20 claims. (*See* D.I., 83, Kennedy Decl. Exh. A.) The reexamination is based on two principal prior art references, the DeLapa patent and the Off patent, that were not considered in the original examination of the '527 Patent. Rather than address these highly significant references, Motivation attacks a

3

secondary reference used for an obviousness challenge. Because the reexamination request is straightforward and directed only to highly significant prior art, the USPTO and Motivation can expeditiously address this important prior art.

In terms of the impact of the reexamination on this litigation, Motivation never comes to grips with the fact that material amendment of the claims in reexamination will mean that the unamended claims asserted in this case are invalid. By this error, Motivation ignores the probative data that 75% of the patents in reexamination have had claims canceled or amended, while urging the Court to consider the 25% of such patents that have had claims affirmed. (D.I. 86, Motivation Br. 7.) If the '527 Patent claims are within the 75% of claims that are amended in reexamination, all parties are served by having those claims removed from this case before resources are committed to discovery and trial.

Even if all asserted claims are not canceled or amended in reexamination, the reexamination will simplify issues for trial. Motivation claims that the defendants would not be barred from raising the same prior art after losing reexamination. (*Id*. at 5-6) As a practical matter, the reexamination will decide invalidity as to the highly relevant prior art cited there. The Federal Circuit in *Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988), noted that "cancellation, clarification, or limitation of claims" in reexamination "could still provide valuable analysis to the district court, which it could consider in reaching its determination." *Id*. at 1428 (citations omitted).

Motivation also argues that an *inter partes* reexamination would have even a greater effect for streamlining issues. (D.I. 86, Motivation Br. 5.) But Motivation does not point out that defendants <u>could</u> <u>not</u> file an *inter partes* reexamination for the '527 Patent because it issued too long ago to qualify for such a procedure. Moreover, the benefits provided by this admittedly brief and simple *ex parte* reexamination are sufficient to warrant a stay.

4

### C. A Stay Would Not Unduly Prejudice Or Tactically Disadvantage Motivation.

Even if the reexamination lasts the average of two years, although the conceded brevity and simplicity of the request suggest a shorter time, Motivation will not be irreparably injured by that delay. Motivation does not address the fact that it waited *ten years* to assert its claim. Motivation admits that it is not practicing the invention covered by the '527 Patent. These facts distinguish the present motion from the one denied by this Court in *Kenexa BrassRing, Inc. v. Taleo Corp.*, No. 07-521, 2009 WL 393782 (D. Del. Feb. 18, 2009), involving parties in actual competition so the plaintiff risked irreparable injury from the stay.

Trying to address the lack of any undue prejudice from a stay, Motivation cites *Novozymes A/S v. Genencor Int'l, Inc.*, 474 F. Supp. 2d 592 (D. Del. 2007), for the proposition that a party may suffer irreparable harm by the infringement of a right to exclude others from practicing a patent. (D.I. 86, Motivation Br. 9.) Motivation is not in a position similar to the plaintiff in *Novozymes*. In granting a permanent injunction, the court was careful to point out that the plaintiff Novozymes suffered irreparable harm because (a) it had a subsidiary exclusively licensed under the patents and marketing the protected products, and (b) Novozymes used its patents to exclude competitors from marketing those products in competition with its subsidiary. *Id.* at 612. Thus, the plaintiff in *Novozymes* would suffer irreparable harm from loss of sales of the patented product by its subsidiary, but Motivation could suffer no such irreparable harm.

As theoretical injury, Motivation also raises a potential loss of evidence or witnesses during the two year delay during a reexamination. (D.I. 86, Motivation Br. 6.) Motivation does not specify any witness or evidence important to its case that it does not have and might lose during the reexamination. Without identifying particular witnesses or documents that are likely

to become unavailable, Motivation's argument is entirely speculative. If such an assertion were sufficient on this motion, it would provide a basis to reject a motion to stay in every case.

Motivation also argues that it will suffer a tactical disadvantage because the defendants will have years to search for prior art references to provide additional invalidity theories. (D.I. 86, Motivation Br. 2.) First, defendants have submitted highly significant prior art in the reexamination and have no need to search for additional prior art references. Second, if additional prior art references are uncovered by anyone that invalidate the '527 Patent, Motivation's supposed "tactical disadvantage" is overwhelmed by the strong public policy in favor of canceling invalid patents. *See SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331 (Fed. Cir. 2005) (Gajarsa, C.J., concurring): "Both this court and the Supreme Court have recognized that there is a significant public policy interest in removing invalid patents from the public arena." *Id.* at 1354 (citing *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 100 (1993)).

Motivation also tries to increase the time that the reexamination is likely to take beyond the two-year average reported in the statistics by the USPTO. The average time for an *ex parte* reexamination is roughly two years from the filing date to the certificate issue date. (*See* D.I. 83, Kennedy Decl. Exh. B at 2.) Motivation attacks how these statistics are reported, but its attack is directed to the wrong target. Motivation contends that the USPTO incorrectly reports the statistics for *inter partes* reexamination, but provides no such evidence that the *ex parte* reexamination figures relevant here are inaccurate. (M D.I. 86, Motivation Br. 7-8.) Moreover, Motivation's recognition that the reexamination request is brief and simple suggests that the reexamination here could be decided before the two-year average.

6

### D.     Defendants May Be Irreparably Injured By Denial Of A Stay.

Although the only injury to Motivation from the Court granting a stay would be a compensable delay in obtaining a monetary recovery, denial of a stay would result in potential *irreparable* injury to defendants. The possibility of the plaintiff acquiring a judgment on patent claims later determined invalid in reexamination would result in irreparable harm to the defendants. *See Everything for Love.com, Inc. v. Tender Loving Things, Inc.*, No. 02-2605, 2006 WL 2091706, at *3-4 (D. Ariz. July 21, 2006). The injury from a wrongly issued injunction is irreparable. Furthermore, the defendants may not be able to recover any money damages paid on invalid patent claims. In response, Motivation contends it may be harmed in trying to collect damages, but submits no evidence that BBB or DSW would have any difficulty in paying money damages after a two-year stay. (D.I. 86, Motivation Br. 11)

Asserting that there is no pressing need for the stay, Motivation goes so far as to claim that the risk of inconsistent results is defendants' own fault for filing a reexamination request. (D.I. 86, Motivation Br. 10-11.) Motivation's argument basically challenges the purpose of reexamination to provide an alternate route to decide issues of invalidity of issued patents. It conflicts with recognized authority on the subject, including *Ethicon*, that Motivation even cites on this point. There, the Federal Circuit found that a reexamination could not be stayed pending a district court action at least in part because the court case would benefit from actions taken in reexamination. *Id.*, 849 F.2d at 1428. The same is true here, and a stay would ensure that the litigation is in a stage to benefit from the reexamination.

### E.     The Status Of Discovery Is Appropriate To Benefit From A Stay Pending Reexamination.

In support of the motion to stay, defendants pointed out that this case was in its early stages of discovery. Document productions have begun, but no depositions or expert discovery

7

have been exchanged. Contention interrogatories have not yet been answered. Motivation has not been required to state the basis for infringement. In response, Motivation lists various discovery which has been undertaken to contend that the case is "in the middle of discovery." (D.I. 86, Motivation Br. 2-3.) Even characterizing this case as being in the middle of discovery does not refute that a stay of the litigation would save the parties significant discovery costs which may become unnecessary. Furthermore, a stay of the case would certainly save the parties the considerable expenses of trial preparation and trial that would have to be redone if the claims are amended.

Motivation also asserts that the defendants are delaying discovery as a litigation tactic. This is clearly not the case. In response to document requests and a subpoena served on the inventor, Motivation has produced about 1500 pages of documents. In contrast, these defendants have already produced more than 25,000 pages of documents.

Motivation even constructs an implausible scenario in which the defendants produced documents in response to Motivation's emergency motion (which was denied), and on the next day, filed the reexamination followed by the present motion to stay. Motivation actually knew about defendants' imminent filing of the reexamination and motion to stay nearly *three weeks before* they were filed. On March 10, 2009, the defendants provided Motivation with the prior art cited in the reexamination in connection with settlement negotiations. Defendants were ready to file both the reexamination and motion to stay then, but delayed pending settlement discussions. When the settlement discussions ended, defendants filed these papers.

In sum, Motivation's assertions about the stage and likely duration of this case do not rebut the advantage of staying the litigation pending the reexamination. At the present stage of discovery, the parties and the Court would benefit from a stay of the litigation until it can be determined whether the reexamination will affect the asserted claims of the '527 Patent.

## CONCLUSION

Defendants respectfully submit that a stay of this litigation pending the reexamination would not irreparably harm Motivation, would prevent an unnecessary expenditure of the Court's time and the parties' resources in trying patent claims later invalidated on reexamination, and would simplify both discovery and the trial of this case.

/s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)
jbove@cblh.com
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
Attorneys for Defendant DSW Inc.

/s/ Steven J. Fineman
Robert Whetzel (#2288)
whetzel@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899-0391
302-651-7700
Attorneys For Defendant Bed Bath & Beyond Inc.

Dated: April 30, 2009

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Karen L. Pascale, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801

Richard K. Herrmann, Esquire
Mary B. Matterer, Esquire
Amy Arnott Quinlan, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306

I hereby certify that on April 30, 2009, I have sent by Electronic Mail, the foregoing document to the following non-registered participants:

Theodore R. Remaklus, Esquire
P. Andrew Blatt, Esquire
Wood, Herron & Evans
2700 Carew Tower
Cincinnati, OH 45202

Bart A. Starr, Esquire
Eric A. Buresh, Esquire
Holly L. Teeter, Esquire
Jonathan N. Zerger, Esquire
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108

Sally J. Wiggins, Esquire
Gregory P. Casimer, Esquire
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, IL 60602-4515

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
fineman@rlf.com